## EDA CARRIE KELLEY v. ROBERT STUART KELLEY.

112 N. W. (2d) 798.

January 5, 1962—No. 38,231.

*Mahoney & Mahoney* and *Wayne G. Popham,* for appellant.
*Horner & Berg* and *Richard J. Sundberg,* for respondent.

MAGNEY, COMMISSIONER.

Plaintiff prevailed in a divorce action. She appeals from the judgment entered. However, the only part of the judgment questioned involves the refusal of the court to award alimony. No motion for amended findings or a new trial was made.

Plaintiff, Eda Carrie Kelley, age 39, and Robert Stuart Kelley, age 52, were married January 8, 1942. Suzanne, their only child, was born February 5, 1947. The complaint charged cruel and inhuman treatment. Defendant filed an answer and cross-claim but, at the trial, they were withdrawn, and plaintiff proceeded to prove up her cause of action for divorce as a default matter.

Defendant is superintendent of operations of a Minneapolis concern, earning $960 every 4 weeks. His income per month, after deduction of social security, withholding tax, and hospitalization, amounts to $837.41. He has no other source of income. He lives with his mother, 85 years of age, in a rented apartment. At the time of the trial he was paying $98 per month on a loan from a Minneapolis bank, with 12 payments

still to be made, and $77.61 to another bank, with 3 payments still to go. He testified in detail as to his necessary expenses per month. They seem reasonable in kind and amounts. That left him a balance of $101.73, out of which the court ordered him to pay $100 per month for the support of his daughter. He was the owner of a lakeshore property on Lake Michigan near Grand Rapids. A competent witness for plaintiff testified that it had a value of $14,000, and defendant testified that it was worth $13,000 to $14,000. It was unencumbered. Defendant was the owner of two automobiles, one a Ford worth about $1,300 and the other an Oldsmobile of small value. Plaintiff has had the use of the second car, which had been damaged in an accident but was still in running condition. Defendant was the insured in a government insurance policy of $10,000, on which he had borrowed over $5,000. He was also the insured in two group insurance policies totaling $22,500. The household goods in his apartment were mostly owned by his mother. He was also the owner of other personal property of small value. He had about $600 in a checking account but owned no stocks or bonds.

Plaintiff was employed in the office of American Telephone and Telegraph Company and was earning $77.50 a week. Her earnings from this source in 1958 were $4,033.79. She was also employed at Dayton's on Saturday and one night a week, earning $18 a week or a total of $936 a year. Both these amounts were subject to deductions. She was paying $15 a week on a loan from American Telephone and Telegraph Company and $6.04 a week for the purchase of four or five shares of A. T. and T. stock, and she put $5 a week in savings. She was also paying $18 a month for a set of Encyclopedia Britannica, with four payments remaining. The court ordered the defendant to pay her $100 a month for the support of her daughter. Her gross income including the support payments is somewhat less than $6,200 a year. When the parties came to Minneapolis about 1954, furniture was purchased for about $3,000.

The court awarded plaintiff the Oldsmobile and the household goods. It ordered defendant to pay plaintiff forthwith $5,000 and the further sum of $3,000 on or before July 1, 1961. Out of the $5,000, plaintiff was ordered to pay her attorneys $1,000 for attorneys' fees,

costs, and disbursements. Defendant was permitted to retain title to the Lake Michigan property and the Ford car and also what furniture he had.. The custody of the daughter, Suzanne, was awarded to plaintiff, subject to right of visitation by defendant, and defendant was ordered to pay $100 per month for her support. Defendant was directed to keep the $10,000 paid-up government insurance policy and to retain plaintiff as the primary beneficiary. He was also required to retain the two policies of group insurance totaling $22,500 and to retain Suzanne Kelley as chief beneficiary as long as he continued to be employed by his present employer.

As to alimony, the court made this finding:

"Defendant shall pay to the plaintiff no alimony whatsoever but this Court hereby retains jurisdiction of this matter to enable it to award alimony to plaintiff in the event a change of circumstances shall at some future date warrant such award."

Plaintiff contends that the court was in error in refusing an award of alimony at this time.

The court had in mind the following provision found in Minn. St. 518.55, which reads in part:

"* * * In any judgment of divorce the court may determine, as one of the issues of the case, whether or not the wife is entitled to an award of alimony notwithstanding that no award is then made, or it may reserve jurisdiction of the issue of alimony for determination at a later date."

Section 518.60 reads in part as follows:

"Upon a divorce for any cause, the court may also order and decree to the wife such alimony * * * as it deems just and reasonable, having regard for the circumstances as described in section 518.59, * * *."

The "circumstances as described in section 518.59," in connection with award of household goods and furniture and part of real and personal property which the court may make, are such—

"* * * as it deems just and reasonable, having regard to the

amount of property decreed to the wife under sections 518.56 and 518.58, the amount of alimony and support money awarded, if any, the character and situation of the parties, the nature and determination of the issues, and all other circumstances of the case."

Plaintiff's contention seems to be that the wife has a right to alimony as a matter of course and she assumes it to be an absolute right. That, of course, is not a correct assumption.

The language of the statute confers a broad discretion on the part of the trial court and specifies matters which the court should take into consideration in the exercise of that discretion. Lamberton v. Lamberton, 229 Minn. 29, 38 N. W. (2d) 72; Louden v. Louden, 221 Minn. 338, 22 N. W. (2d) 164; Swanson v. Swanson, 233 Minn. 354, 46 N. W. (2d) 878; Ruprecht v. Ruprecht, 255 Minn. 80, 96 N. W. (2d) 14. The above cases, in language and effect, hold that the findings of the trial court will be overturned only when, in the light of the evidence as a whole, the trial court has abused its discretion.

Here, no motion for amended findings or a new trial was made. The court made plaintiff a lump sum award of $8,000, of which $1,000 was to go to her attorneys for fees, costs, and disbursements. The balance of $7,000 was approximately one-half of the value of the Michigan real estate owned by defendant. The court also awarded her the furniture purchased for $3,000 when the parties moved to Minneapolis. The court undoubtedly took into consideration the not too strong character of the allegations of the complaint and the testimony given in support of it; also the fact that in a prior divorce action in Michigan plaintiff stipulated that no alimony be awarded.

In our opinion the court did not abuse its discretion and the judgment should be affirmed.

Judgment affirmed.