## MERLIN P. VANDEWEGE v. MAXINE E. VANDEWEGE.

170 N. W. (2d) 228.

August 15, 1969—No. 41359.

*Johnson, Johnson & Anderson* and *C. A. (Gus) Johnson,* for appellant.

*Baudler & Baudler* and *William J. Baudler,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

OTIS, JUSTICE.

Defendant, Maxine E. Vandewege, appeals from an order denying amended findings or a new trial in an action in which her husband, Merlin P. Vandewege, was granted an absolute divorce. The following issues are raised: (1) Whether the court

abused its discretion in granting plaintiff the divorce; (2) whether the court erred in granting to plaintiff custody of his minor child; (3) whether the property division and attorney's fees awarded defendant were adequate; and (4) whether the failure to award defendant alimony was proper.

Plaintiff and defendant were married on February 22, 1945. They have three children. The elder two are now emancipated, Gloria, 22, and Charlene, 20. John is 12. At the time of trial in October 1967, plaintiff was 50 years of age, and defendant was 45 years of age.

The trial court found both parties guilty of cruel and inhuman treatment and awarded the divorce to Merlin. It further found that plaintiff was a fit and proper person to have custody of John and that the child's welfare would best be served by granting the father custody. However, there was no finding that the mother was unfit.

The court granted Merlin the equity in the homestead, worth some $6,500, together with household goods, an automobile, and a $500 investment certificate, amounting in all to approximately $7,000. The court found that Merlin's salary was slightly in excess of $14,000 a year and that Maxine was in good health and capable of supporting herself by reason of the training and experience she acquired prior to marriage. In its conclusions the court awarded Maxine $1,000 in cash and a further sum of $2,500, payable in monthly installments of $200. Although Maxine sought attorney's fees of $3,750, the court granted her only $600.

■ With respect to the decree, Minn. St. 518.06(9) provides as follows:

"A decree of divorce may be adjudged to either husband or wife notwithstanding that both have conducted themselves in such manner as to constitute grounds for divorce."

On this record the court was fully justified in granting the decree to Merlin. No particular significance is attached to the court's designation of who shall be the prevailing party.

■ We have held in a number of cases that all things being equal and in the absence of a finding that she is unfit, custody of minor children should normally be awarded to their mother. Molto v. Molto, 242 Minn. 112, 64 N. W. (2d) 154; Eisel v. Eisel, 261 Minn. 1, 110 N. W. (2d) 881; Schultz v. Schultz, 266 Minn. 205, 123 N. W. (2d) 118; Bennett v. Bennett, 277 Minn. 227, 229, 152 N. W. (2d) 187, 189; Lindberg v. Lindberg, 282 Minn. 536, 163 N. W. (2d) 870. In the instant case there is compelling testimony, not persuasively contradicted, that Maxine has been guilty of adultery. Such misconduct standing alone does not necessarily foreclose an award of custody to the mother. Reiland v. Reiland, 280 Minn. 444, 160 N. W. (2d) 30; Lobash v. Lobash, 283 Minn. 255, 167 N. W. (2d) 43; Hansen v. Hansen, 284 Minn. 1, 169 N. W. (2d) 12. However, without attempting to summarize 850 pages of testimony, it is sufficient to say that the record discloses a course of conduct by defendant toward her husband and children which, in all charity, can be attributed only to a serious emotional disorder. Although we would have been better satisfied if the court had made a specific finding with respect to her fitness, we cannot read this record without concluding that it was proper, if not mandatory, that the father be granted custody of his minor son.

■ The value of the equity in the homestead and the other property awarded to plaintiff was approximately $7,000. The cash assigned to defendant amounted to $3,500, half that amount. Under all of the circumstances, we hold that the award was adequate.

It is obvious that the trial of this case was protracted far beyond the time reasonably necessary to present the issues and protect the rights of defendant. Such a finding is implicit in the amount awarded for attorney's fees. We concur in the view that $600 is not "handsome" compensation for the time counsel actually devoted to the cause but hold it is not so grossly inadequate as to require an adjustment.

■ The court's award of $3,500 was treated as defendant's

share of the property division and she has been denied alimony in any amount. This, in our opinion, was error. Minn. St. 518.54, subd. 3, defines alimony as an award from the future earnings or income of the husband for the support and maintenance of the wife. Section 518.60 provides as follows:

"Upon a divorce for any cause, the court *may* also order and decree to the wife such alimony, not exceeding one-half of the husband's future earnings and income, as it deems just and reasonable, having regard for the circumstances as described in section 518.59, and may make the payment thereof a lien or charge upon any real or personal property of the husband." (Italics supplied.)

It is significant that our statute uses the word "may." We have held that the wife in a divorce action has no absolute right to alimony, Kelley v. Kelley, 261 Minn. 405, 407, 112 N. W. (2d) 798, 799; Silverness v. Silverness, 270 Minn. 564, 134 N. W. (2d) 901, and have consistently stressed as decisive factors the needs of the wife and the husband's ability to pay. Haskell v. Haskell, 119 Minn. 484, 138 N. W. 787; Baker v. Baker, 224 Minn. 117, 28 N. W. (2d) 164; Johnson v. Johnson, 250 Minn. 282, 288, 84 N. W. (2d) 249, 254; Kucera v. Kucera, 275 Minn. 252, 146 N. W. (2d) 181; Johnston v. Johnston, 280 Minn. 81, 158 N. W. (2d) 249. Other important considerations are the age of the parties, the condition of their health, their separate financial resources, any conduct subversive of the marriage, the duration of the marriage, their ability to earn a living, and the contributions made by each to their joint and several estates at and during the time of marriage. 2 Nelson, Divorce and Annulment (2 ed.) (Rev. Vol. 1961) § 14.27.

An examination of the transcript compels us to hold that the following finding is unsupported by the record:

"That Defendant * * * is capable of supporting herself by reason of her specialized training and work experience acquired prior to her marriage."

Defendant has had, in addition to high school training, one year of normal school. During World War II, she was able to receive a teaching certificate for 3 years because of the shortage of qualified teachers. Since 1945 she has had no employment and developed no vocational skills. No resources of her own are disclosed in the record. This was a marriage of 23 years' duration. Defendant is now a woman approximately 47 years of age with no means of support. In Swanson v. Swanson, 233 Minn. 354, 46 N. W. (2d) 878, the wife, who was denied alimony except for an award of $4,000, had a monthly income from employment adequate to support her, and the husband had substantial debts. The same was true in Kelley v. Kelley, *supra*, where the wife, who was awarded no alimony, was employed and earning approximately $5,000 a year. In Baskerville v. Baskerville, 246 Minn. 496, 75 N. W. (2d) 762, we simply pointed out that the wife's misconduct may be so grave that alimony may be fixed without attempting to apportion the husband's estate on a percentage basis. As we indicated in the Swanson and Baskerville cases, the misconduct of a wife has a substantial bearing on the amount of the award. However, no case coming to our attention has denied all alimony in circumstances such as here exist.

We are not to be understood as abrogating the rule that a wife has no absolute right to alimony or the rule that trial courts have broad discretion in fixing the amount. We simply hold that where a marriage has been of this duration, and the wife is middle-aged, is without vocational skills or practical prospects of employment in keeping with her station in life, and has no resources of her own, she is entitled to the continued support and maintenance of her husband in a reasonable amount until and unless her circumstances change. The matter is therefore reversed and remanded to permit the trial court to fix alimony consistent with the guidelines we have suggested.

On this appeal, the defendant is awarded the sum of $250 attorney's fees. The other costs and disbursements which may be taxed against plaintiff are limited to an additional $250.

Reversed and remanded.