DOROTHY WILKENS v. JOHANNES WILKENS.

185 N. W. (2d) 280.

March 19, 1971—No. 42616.

*Arthur F. Blaufuss,* for appellant.

Heard before Knutson, C. J., and Murphy, Rogosheske, Kelly, and Odden, JJ.

PER CURIAM.

Appeal from judgment in a divorce action in which plaintiff-wife contends that the trial court abused its discretion in determining disposition of property acquired during coverture.

Plaintiff-wife is 60 and defendant-husband is 61 years of age. They have two sons, ages 22 and 25, and a married daughter. After years of domestic conflict, plaintiff left defendant, withdrew $2,600 from their joint checking account, and instituted the divorce action. After protracted litigation, which was terminated by judgment entered March 10, 1970, the trial court granted the divorce and awarded plaintiff the sum of $15,000 as a property settlement and in lieu of alimony. Plaintiff lives on a farm residence and is employed as a nurse's aide, from which occupation she receives take-home pay of approximately $200 a month. The record indicates that defendant is emotionally and mentally disturbed and, for a time, was confined in the Willmar State Hospital. It would appear that the total value of defendant's assets is approximately $64,000, which includes farm property. At the present time he resides in a nursing home where he pays $70 a month for his keep.

We have consistently held that an award of alimony and support money or an adjudication as to property rights will be overturned only when, in the light of the evidence as a whole, the trial court has abused its discretion. Kucera v. Kucera, 275 Minn. 252, 146 N. W. (2d) 181; Ruprecht v. Ruprecht, 255 Minn. 80, 96 N. W. (2d) 14. See, also, Krohn v. Krohn, 284 Minn. 95, 169 N. W. (2d) 389; Bollenbach v. Bollenbach, 285 Minn. 418, 175 N. W. (2d) 148. Minn. St. 518.58 provides that the trial

court "may make such disposition of the property of the parties acquired during coverture as shall appear just and equitable * * *." We are controlled by our decision in Ruprecht where we said (255 Minn. 90, 96 N. W. [2d] 23):

"* * * In the disposition of property acquired during coverture the court may upon statutory authority make such disposition as shall appear just and equitable, having regard to the nature and determination of the issues in the case. * * * In exercising sound discretion the court may consider the ages of the parties and the earning ability of each; the conduct of their marriage and its duration; the station they occupy in life; the circumstances and necessities of each; the probability of continuing present employment into the future, as well as the capacity and ability to obtain new employment under changing circumstances and needs; * * * and all facts with respect to whether the property of the parties has been accumulated before or after marriage. The court may consider all other matters disclosed by the evidence."

While the award to plaintiff appears to be conservative, we must recognize that the trial court was in a better position than are we to appraise the circumstances of the parties. While plaintiff's monthly income is only $200, her expenses in the rural area where she lives are moderate. Her rent is $35 a month, her children are emancipated, and she lives alone. Defendant is unemployable, and as his condition deteriorates, it may be assumed that his expenses will increase. Under the circumstances, we cannot say that the trial court's award constitutes an abuse of judicial discretion.

No costs or disbursements are allowed.

Affirmed.