LILLIAN L. LaFROTH v. WILLIAM E. LaFROTH.

210 N. W. 2d 246.

August 17, 1973—No. 43700.

*Stein & Stein* and *Manuel H. Stein,* for appellant.
*Hammer, Halverson, Watters & Bye, Gene W. Halverson,* and *Robert C. Maki,* for respondent.

PER CURIAM.

This is a divorce action. The trial court, having found on credible evidence that plaintiff wife had treated defendant husband in a cruel and inhuman manner by carrying on an adulterous re-

lationship with another man for over 10 years preceding the divorce, granted defendant's counterclaim for divorce. The two main issues raised by plaintiff on appeal are whether the trial court abused its discretion either in denying plaintiff alimony or in dividing the property so that plaintiff received only about 10 percent of the estate totaling considerably more than $150,000. (Not in issue are the trial court's awards of $2,000 in attorneys' fees to plaintiff and $125 per month child support for the parties' 15-year-old daughter, the only unemancipated child of the four born during their 27-year marriage.) After careful consideration of all the issues, we affirm.

The facts in our case are distinguishable from those in Vandewege v. Vandewege, 284 Minn. 330, 170 N. W. 2d 228 (1969), on which plaintiff relies in contending that she should have been awarded alimony. In that case we held that the trial court had abused its discretion in denying alimony to a wife of 23 years who, although guilty of misconduct, had no vocational skills or employment experience and no other resources with which to support herself. In the instant case, the trial court found that plaintiff, who was 53, is capable of engaging in gainful employment, apparently basing this finding in part upon the fact that she had secured temporary employment just prior to trial and in part upon the fact that she had secretarial and bookkeeping skills. Additionally, defendant, who was 67, has been receiving diminishing income every year for several years, and in the first 6 months of 1971, the year of the divorce, defendant had income of only $1,733.

With respect to the denial of alimony and division of property, we conclude that the trial court, although conservative in its award to plaintiff, did not abuse its discretion. Compare Wilkens v. Wilkens, 289 Minn. 546, 185 N. W. 2d 280 (1971), with Borchert v. Borchert, 279 Minn. 16, 154 N. W. 2d 902 (1967).

No attorneys' fees or costs are allowed to any of the parties.

Affirmed.

OTIS, JUSTICE (dissenting).

I cannot agree that plaintiff's misconduct justifies an award of only $17,250 from an estate of over $150,000 where her marriage has been of 27 years duration, she is 53 years of age, for many years has had no employment experience, and is granted no alimony whatsoever.