SHIRLEY Y. HARDER v. WILLIAM E. HARDER.

251 N. W. 2d 703.

March 11, 1977—No. 46127.

---

*Primus, Primus & Primus* and *Richard Lee Primus,* for appellant.

*Farnes & Haeg* and *Harold E. Farnes,* for respondent.

Heard before Rogosheske, Peterson, and Scott, JJ., and considered and decided by the court en banc.

PETERSON, JUSTICE.

Plaintiff, Shirley Y. Harder, appeals from an order denying her motion for an award of alimony. Plaintiff and defendant, William E. Harder, were divorced in 1971. The judgment and decree of divorce, based upon a stipulation of the parties, granted no alimony to plaintiff but reserved jurisdiction to consider that issue at some future time. Plaintiff filed the present motion for award of alimony in March 1975. The trial court denied alimony, ruling that plaintiff was required to show a substantial change in circumstances subsequent to the date of the divorce. The court additionally divested itself of jurisdiction to hear any subsequent applications for alimony.

The issue presented on appeal is whether the trial court properly construed Minn. St. 518.55, in so far as that statute provides that the court "may reserve jurisdiction of the issue of alimony for determination at a later date."[1]

---

[1] Minn. St. 518.55 provides: "Every award of alimony or support money in a judgment of dissolution shall clearly designate whether the same is alimony or support money, or what part of the award is alimony and what part thereof is support money. Any award of payments from future income or earnings of the custodial parent shall be pre-

We hold that by stipulating to the court's reservation of jurisdiction over the issue of alimony, the parties preserved the court's authority to do in the future what it could have done at the time of the divorce decree. When that authority is invoked by a subsequent application for alimony, the court must then make the initial determination of the propriety of an award and its amount. That determination must be based upon the facts and circumstances existing at the time the application is made, as if the entire action had been brought at the later date.[2] It was reversible error to deny alimony on the ground that plaintiff must show a substantial change in circumstances subsequent to the date of the divorce. We reverse and remand for further proceedings not inconsistent with this opinion.

We allude briefly to corollary questions which surfaced in this case, without intimating any views as to whether or not a grant or denial of alimony would be appropriate upon remand. The factors relevant to a decision to award alimony have, of course, been the subject of numerous decisions. See, e. g., Vandewege v. Vandewege, 284 Minn. 330, 170 N. W. 2d 228 (1969). A wife in a divorce action has no absolute right to an award of alimony. Vandewege v. Vandewege, *supra*; Kelley v. Kelley, 261 Minn. 405, 112 N. W. 2d 798 (1962). We recently held in Peterson v. Peterson, 308 Minn. 365, 242 N. W. 2d 103 (1976), that the marital misconduct of the parties · remains as one of several factors to be considered by the court in the exercise of its dis-

---

sumed to be alimony. Any award of payments from the future income or earnings of the non-custodial parent shall be presumed to be support money unless otherwise designated by the court. In any judgment of dissolution the court may determine, as one of the issues of the case, whether or not either spouse is entitled to an award of alimony notwithstanding that no award is then made, or it may reserve jurisdiction of the issue of alimony for determination at a later date."

[2] Our holding on this issue does not, of course, preclude parties to a divorce action from stipulating that, by reserving jurisdiction of alimony, something different is meant than the standard we here enunciate.

cretion in the division of property and the award of alimony notwithstanding the fact that a dissolution of marriage may now be granted in this state without regard to fault. If the court denies alimony without the reservation of continuing jurisdiction to award alimony at a future time, the court is divested of jurisdiction by operation of law.

Reversed and remanded.

YETKA, JUSTICE (dissenting).

I respectfully dissent. I would affirm the trial court.

At the time of the initial proceeding for a divorce or dissolution of marriage, whether or not the parties agree by stipulation, the court has a duty to act as a third party to represent the interests of the state of Minnesota to see that there be not only a fair and proper provision for child support but also a fair division of property and a proper inquiry into the question of alimony. If the parties have stipulated and agreed that there should be no alimony, the court has not only the power but the duty to set aside such a stipulation and to make a proper provision for alimony if it sees fit, or, in the alternative, to place the case, if originally submitted to it as a default matter, onto the general trial calendar for resolution in an adversary proceeding.

Once the court decides that there shall be no alimony it has decided that the circumstances of the parties at that time do not justify the imposition of alimony. The question then becomes res judicata. Of course, the court can reserve, as it did here, jurisdiction over the question for some future date, but that decision can only logically envision an award of alimony where the circumstances of the parties have drastically changed since the dissolution was granted. Here the trial court found no change in circumstances so it was correct in refusing to award alimony.

There is an additional reason why the trial court was correct in its findings in this case: Courts have in recent years been awarding alimony as a "stopgap" measure only to help one of

the parties until that party can become self-sufficient. Here the divorce took place in 1971. The motion for alimony was not made until 1975—some 4 years later. To decide that the question of alimony can be opened up after such a passage of time would defeat the progress already made toward encouraging each of the parties to build a new life and become financially independent of the other.

TODD, JUSTICE (dissenting).

I join in the dissent of Mr. Justice Yetka.