**In re the Marriage of Julia Mae CRAMPTON, petitioner, Appellant,**

v.

**Richard R. CRAMPTON, Respondent.**

**No. CX–84–662.**

Court of Appeals of Minnesota.

Oct. 23, 1984.

Andrea F. Rubenstein, Minneapolis, for appellant.

Thomas B. Schway, St. Paul, for respondent.

Heard, considered and decided by POPOVICH, C.J., and LESLIE and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Julia Crampton appeals denial of her motion to continue an eight year spousal maintenance obligation created in a 1975 dissolution decree. She contends the continuation is required due to changed circumstances of the parties. She claims that the trial court particularly erred in failing to rely on increased earnings of respondent to justify a further maintenance obligation. Finally, she appeals denial of her request for attorney fees in the motion proceedings. We affirm.

## FACTS

This provision for spousal maintenance was included in the 1975 decree which dissolved the marriage of the parties:

That respondent shall pay to petitioner as and for permanent alimony the sum of $225 per month for a period of 96 months from the date of the Judgment and Decree herein, unless petitioner earlier remarries or dies. At the conclusion of the 96 months, the question of alimony shall be reserved.

The parties were married for fifteen years. Julia Crampton was awarded custo-

dy of five minor children and the decree required monthly child support payments of $200 per child.

The children of the parties are presently emancipated. Respondent made all child support and spousal maintenance payments required by the 1975 decree. In March, 1983, Julia Crampton moved the trial court for continued maintenance in increased amounts.

When the parties separated in 1973, Julia Crampton had only intermittent part-time employment experience. She took a full-time position at that time, with earnings of $900 per month, and she enjoyed similar employment, with some interruptions, until 1979.

In August, 1979, when she was earning $1,250 per month, Julia Crampton left her employment "at the recommendation of [her] physician," and she has since had trouble getting a job. She moved to Florida and has earned about $300 per month as a cafe cashier since late 1982. She claims current monthly expenses of $1,000.

In 1975, Richard Crampton's gross earnings were $29,193, and his 1982 gross earnings were $68,878.88. He is a corporate executive and is entitled to employment benefits upon retirement.

Julia Crampton has about $23,000 in money market accounts, the sum remaining from about $45,000 she received after sale of the home of the parties. The sale proceeds equaled the seventy percent of the equity in the home awarded to Julia Crampton in 1975.

## ISSUES

1. Did the trial court abuse its discretion in refusing to modify a 1975 spousal maintenance award?

2. Where a dissolution decree reserves court authority to review the terms of a maintenance obligation, are increased earnings of the payor alone a sufficient basis for requiring further maintenance payments?

3. Did the trial court abuse its discretion in refusing to award attorney fees?

## ANALYSIS

### 1. *Modification*

Modification of a maintenance award is governed by statute.

The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.72 to 256.87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair.

Minn.Stat. § 518.64, subd. 2 (Supp.1983).

■ Only if the trial court abused its discretion can a decision on modification of maintenance be reversed. *Mark v. Mark,* 248 Minn. 446, 449, 80 N.W.2d 621, 624 (1957). This court recently observed:

But the question upon appeal is not whether permanent maintenance would be appropriate, but whether the trial court abused its discretion by not awarding it.

*Deliduka v. Deliduka,* 347 N.W.2d 52, 57 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. July 26, 1984).

■ The trial court concluded that respondent could not be justly required to pay maintenance beyond an eight year adjustment period. The court viewed the original award as one for "rehabilitative maintenance," as described in *Otis v. Otis,* 299 N.W.2d 114 (Minn.1980), and felt that Julia Crampton's rehabilitative failure should not become Richard Crampton's responsibility.

Appellant contends that a contrary result is compelled by the evidence contrasting earning experiences of the parties. This argument was properly addressed to the trial court and we cannot substitute our judgment on its merits. The trial court view on the appropriate duration of a marital obligation for maintenance is credible.

We are mindful of the provision made in 1975 that the maintenance obligation could be examined after eight years. The statutory purpose for a just maintenance award has been fulfilled through a review of the question by the trial court. The decision against extending maintenance payments was within the parameters of the trial court's discretion.

2. *Reservation of Maintenance Question*

Appellant contends a different result is dictated by the decision of the Minnesota Supreme Court in *Harder v. Harder*, 312 Minn. 300, 251 N.W.2d 703 (1977). There it was held that the reservation of authority to decide a maintenance question required the decision be based upon circumstances at the time the issue is decided. When reserved, the maintenance issue is governed by standards for an original award as set forth in Minn.Stat. § 518.552 (1982). *Van de Loo v. Van de Loo*, 346 N.W.2d 173 (Minn.Ct.App.1984).

If a decision is governed wholly by the current circumstances of the parties, appellant asserts that she is entitled to increased maintenance because of the substantial earnings presently enjoyed by respondent. This approach contrasts with the decision of the trial court to limit reliance on the respondent's increased earnings since the marriage dissolution.

The *Harder* and *Van de Loo* decisions govern cases where an award of maintenance is withheld and court authority reserved for later consideration. *See also McMahon v. McMahon*, 339 N.W.2d 898 (Minn.1983). We find no cause for extension of that doctrine to cases where maintenance is established but the subject is left open for review after the obligation is fully paid.

Thus, we approve the trial court's choice to treat appellant's petition as one for modification of an award rather than one for establishing an award. Facing a proposal for modification, the trial court complied with controlling law when it limited the interest of one spouse in the future successes of the other. See *Kaiser v. Kaiser*, 290 Minn. 173, 186 N.W.2d 678 (1971).

3. *Attorney Fees*

Allowance of attorney fees in dissolution cases rests almost entirely in the discretion of the trial court. *Kirby v. Kirby*, 348 N.W.2d 392 (Minn.Ct.App.1984). There is no basis here to say the trial court clearly abused its discretion, particularly in light of the assets of appellant left from a 1975 property distribution which was favorable to her.

## DECISION

The trial court acted within its discretion in refusing to extend maintenance and in declining a request for attorney fees.

Affirmed.