In re the Marriage of: Darrell
**MAGNUSSEN, Petitioner,**
**Appellant,**

v.

Loraine **MAGNUSSEN, Respondent.**

No. C4–85–2224.

Court of Appeals of Minnesota.

May 27, 1986.

Mark Thomason, Thomason and Larson, Park Rapids, for appellant.

Craig S. Hunter, Dessert, Smith & Hunter, Park Rapids, for respondent.

Considered and decided by LANSING, P.J., and FOLEY and WOZNIAK, JJ.

## MEMORANDUM OPINION

LANSING, Judge.

Darrell Magnussen appeals the trial court's award of temporary maintenance to Loraine Magnussen under a reservation of maintenance clause in the judgment and decree. We affirm.

## FACTS

Darrell and Loraine Magnussen were married in October 1975. Their marriage was dissolved in August 1984, when Darrell Magnussen was 48 years old and Loraine Magnussen was 41 years old. They have no children, but Loraine Magnussen has adult children from a prior marriage.

The parties jointly petitioned for dissolution of their marriage and were represented by one attorney, Mark Thomason. Darrell Magnussen received all real estate holdings and personal property, none of which was described in the decree, except for property listed in the following conclusions of law:

### III.

* * * Darrell Magnussen shall pay [$10,-000] as a property settlement on July 1, 1984, and [$200] per month alimony commencing August 1, 1984, and the last payment on May 1, 1986 for a total of 22 payments.

### IV.

* * * Loraine Magnussen [is] awarded the 1982 Buick Regal automobile.

### VI.

* * * [N]either party shall have alimony at this time, that right being reserved to the Court.

After the judgment was entered, Loraine Magnussen obtained her present attorney. In February 1985 she moved to reopen the property division and sought an award of maintenance. Mark Thomason continued to represent Darrell Magnussen. In answers to interrogatories Darrell Magnussen claimed he owned non-marital property valued at just under $400,000.

The trial court denied Loraine Magnussen's motion to reopen the property division, ruling that she did not carry her burden of showing duress, fraud, or misrepresentation. The court relied on the fact that Loraine Magnussen kept the books for her husband's company, was aware of various real estate transactions that occurred during the marriage, and refused the advice of

a number of people who told her not to settle the divorce on those terms.[1]

A second hearing was held to take evidence on the motion for maintenance. Loraine Magnussen testified that the $10,000 she received in the property division represented the value of assets she brought into the marriage (her mobile home and an automobile). She said she spent $8,000 of it on living expenses and furnishing her rented home. The $200 per month "alimony" described in the decree was to cover the payments on the car loan; these payments were characterized as alimony so that Darrell Magnuson could deduct them from his income for tax purposes.

Loraine Magnussen testified that she was working full-time at a pharmacy and was netting $600 per month. Her fixed expenses amount to $585, not including heat or food. She has no savings aside from the $2,000 remaining from the property division, and her job provides no benefits.

Darrell Magnussen testified that he had been retired for seven years. His income is $2,500 per month. His assets, which include stocks, bonds, land contracts, and real estate holdings, as well as his home and a number of vehicles, are valued at about $400,000.

The trial court ordered Darrell Magnussen to pay $200 per month in maintenance for 38 months, at which time the maintenance obligation terminates. Darrell Magnussen appeals.

## ISSUE

Did the trial court abuse its discretion in awarding maintenance to respondent?

## ANALYSIS

◼ When reserved in the decree, the maintenance issue is governed by standards for an initial award "based upon the facts and circumstances existing at the time the application is made, as if the entire action had been brought at the later date." *Harder v. Harder*, 312 Minn. 300, 302, 251 N.W.2d 703, 704 (1977). When maintenance is established in the decree but is left open for review at a later time, the issue is governed by standards for a modification. *See Crampton v. Crampton*, 356 N.W.2d 768, 771 (Minn.Ct.App. 1984).

The trial court concluded that the monthly payments of $200 described in the decree were to pay for the automobile and were in reality part of the property division. The trial court specifically concluded that maintenance was reserved under paragraph VI of the conclusions of law and that the standards for an initial award apply.

Darrell Magnussen argues that paragraph III of the conclusions of law establishes alimony and that Loraine Magnussen must therefore show a substantial change of circumstances justifying modification. He offers no explanation for the paragraph specifically reserving alimony to the court, and he does not dispute that the monthly payments were intended to cover her car payments and were designated alimony so that he could deduct them.

◼ We hold that the evidence supports the trial court's finding that the payments described in the decree were part of the property division. In addition, the trial court correctly concluded that the standards for an initial award of maintenance apply.

◼ The standards for an initial award of maintenance are set out in Minn.Stat. § 518.552, subds. 1 and 2 (1984). The trial court made detailed findings in support of the maintenance award. The court discussed the parties' financial resources, the length of their marriage, and the standard of living established during the marriage. The trial court did not abuse its discretion in determining the term or the amount of

---

1. In addition, the court said:

   The Court does have some concerns because this was a joint petition. While joint petitions are acceptable under the law this Court believes that they are highly dangerous ways to proceed for dissolution of marriage. Loraine Magnussen did not appeal the trial court's refusal to reopen the property division.

maintenance, particularly in view of the minimal amount of property Loraine Magnussen received under the decree.

## DECISION

The trial court's decision is affirmed.

Affirmed.