**In Re the Marriage of Marjorie Ann PETTIT, Petitioner, Appellant,**

v.

**Donald A. PETTIT, Respondent.**

**No. CX–90–2453.**

Court of Appeals of Minnesota.

July 2, 1991.

Brian M. Olsen, Cokato, for appellant.

Sharon L. Hall, Barna, Guzy & Steffen, Ltd., Minneapolis, for respondent.

Considered and decided by FOLEY, P.J., HUSPENI and MULALLY,* JJ.

## OPINION

FOLEY, Judge.

In this marital dissolution matter, challenge is made to the trial court's conclusions of law regarding whether property was marital or nonmarital, its division of certain of the parties' assets, and its failure to award permanent maintenance. We affirm in part, reverse in part and remand.

## FACTS

Appellant Marjorie Ann Pettit and respondent Donald A. Pettit were married on June 28, 1952. They had four children, all of whom are now emancipated. The parties farmed for most of the marriage. Their farm was unencumbered at the time of the divorce.

After a trial, the marriage was dissolved by entry of a judgment and decree on Sep-

---

\* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

tember 6, 1990. Marjorie appeals the trial court's denial of her motions for amended conclusions of law or a new trial.

## ISSUES

1. Did the trial court err in its conclusions of law regarding whether property was marital or nonmarital?

2. Did the trial court err in its division of certain of the parties' assets?

3. Did the trial court err in not awarding permanent maintenance to Marjorie?

## ANALYSIS

1. Marjorie challenges the trial court's conclusions of law regarding whether Donald had a nonmarital interest in the parties' farm equal to his payment of a debt with inherited funds, whether a $6,000 loan was a marital debt and whether Marjorie has a nonmarital interest in a lawnmower purchased with money she received in settlement of a personal injury claim.

The characterization of a type of property as marital or nonmarital is a question of law upon which an appellate court may exercise independent judgment. *Van de Loo v. Van de Loo*, 346 N.W.2d 173, 175 (Minn.Ct.App.1984). The trial court, however, has broad discretion in the determination of underlying facts, and those findings of fact will be affirmed unless they are manifestly and palpably contrary to the evidence as a whole. *Kucera v. Kucera*, 275 Minn. 252, 254–55, 146 N.W.2d 181, 183 (1966). *Campion v. Campion*, 385 N.W.2d 1, 4 (Minn.App.1986).

Property acquired during a marriage is presumed to be marital. Minn.Stat. § 518.-54, subd. 5 (1990).

"Nonmarital property" means property real or personal, acquired by either spouse before, during, or after the existence of their marriage, which

(a) is acquired as a gift, bequest, devise or inheritance made by a third party to one but not to the other spouse;

\*　\*　\*　\*　\*　\*

(c) is acquired in exchange for \* \* \* property which is described in clauses (a), (b), (d), and (e);

*Id.*

Here, the trial court found Donald's inheritance was nonmarital property and that $20,130 of the inheritance had been used to pay a "farm indebtedness." The trial court gave Donald a lien on the parties' homestead for $20,130.

We agree with Donald that the payment of the loan is readily traceable to the inheritance. *See Kottke v. Kottke*, 353 N.W.2d 633, 636 (Minn.App.1984) (if asset is readily traceable to inheritance, it is nonmarital), *pet. for rev. denied* (Minn. Dec. 20, 1984). Donald, however, has not shown he acquired any property with the $20,130. *See* Minn.Stat. § 518.54, subd. 5(c).

For that reason, Donald's reliance on *Kottke* is misplaced. The nonmarital funds in *Kottke* did pass through a joint account and pay off a joint debt, but the debt was incurred with the understanding that it would be repaid with an expected inheritance. *Kottke*, 353 N.W.2d at 636. More importantly, the loan was used to acquire property, a home. *Id.*

Here, Donald offered no evidence at trial to show the bank loan was secured by any of the parties' property and makes no such argument on appeal. Therefore, his payment of the loan cannot be said to have given him an interest in any property given as security for the loan.

The trial court found the loan was used for the farming business. The trial court did not find, however, that property was acquired with the loan. Nor did the trial court find that Donald acquired an interest in any property by paying off the loan.

Without the acquisition of property, there was no "exchange" as required by Minn.Stat. § 518.54, subd. 5(c). Donald could not, therefore, acquire a nonmarital interest in the farm. Accordingly, on remand, the trial court is instructed to quash the $20,130 lien in Donald's favor on the farm.

Because we have found the trial court erred in concluding Donald had a nonmari-

tal interest in the farm, we do not reach whether the trial court should have invaded that nonmarital interest under Minn.Stat. § 518.58, subd. 2 (1990).

 The trial court did not err in concluding the $6,000 Donald borrowed during the marriage to pay taxes was a marital debt. The record is clear that the debt was incurred during the marriage.

 Nor did the trial court err in failing to award Marjorie as nonmarital property a lawnmower she testified was purchased with a personal injury settlement. Marjorie did not ask for the award when she submitted her proposed findings after the trial. Additionally, Marjorie did not

> produce demonstrable proof that the amount of the recovery was awarded for [her] personal injuries and not for replacement of property marital in nature. Absent such proof, the proceeds recovered for any injury occurring during the marriage will all be treated as marital property.

*Van de Loo v. Van de Loo*, 346 N.W.2d 173, 177 (Minn.App.1984).

 2. There is no merit to Marjorie's claim the trial court erred in not awarding her the parties' household goods. Marjorie stipulated on the record that the household goods would be appraised and sold and the proceeds divided between the parties. Marjorie argues the trial court erred in failing to specify the marital farm equipment to be sold. On the record before us, we find no error.

It does appear, however, that the trial court inadvertently failed to order that the parties share equally in patronage dividends and set-aside funds. On remand, the trial court is instructed to order that Marjorie is entitled to one-half of all patronage dividends and set-aside payments arising from the operation of the farm during the marriage.

3. The trial court ordered Donald to pay $12,000 to Marjorie as lump sum spousal maintenance. Marjorie contends the trial court erred in not giving her permanent maintenance.

 No abuse of the trial court's broad discretion in determining spousal maintenance will be found if the trial court's decision has a reasonable and acceptable basis in fact. *Cisek v. Cisek*, 409 N.W.2d 233, 235 (Minn.App.1987), *pet. for rev. denied* (Minn. Sept. 18, 1987). We find no abuse of discretion. The trial court's finding that Donald's age and physical condition make it likely he will not have income to pay maintenance in the future is not clearly erroneous. Furthermore, in light of our holding that Donald does not have a nonmarital interest in the farm, the parties have been left in substantially equal positions.

In the interests of justice, however, we believe Marjorie should have a lien on the parties' homestead for the $12,000 in maintenance. On remand, the trial court is to place such a lien on the homestead and amend the judgment to provide for the lien.

### DECISION
Affirmed in part, reversed in part and remanded.