**In re the Marriage of Michael
H. STEVENS, Petitioner,
Appellant,**

v.

**Maureen A. STEVENS, Respondent.**

**No. C2–92–2354.**

Court of Appeals of Minnesota.

June 8, 1993.

Patrick T. Tierney, Collins, Buckley, Sauntry & Haugh, St. Paul, for appellant.

Lawrence Downing, Lawrence Downing & Associates, Rochester, for respondent.

Considered and decided by ANDERSON, Chief Judge, and HUSPENI, and DAVIES, JJ.

## OPINION

HUSPENI, Judge.

Appellant challenges the trial court's conversion of amounts due under property settlement to permanent spousal maintenance. We reverse and remand. Respondent moves for an award of attorney fees incurred on appeal. We deny respondent's motion.

## FACTS

Appellant Michael H. Stevens and respondent Maureen A. Stevens were married in September 1967. The marriage was dissolved in July 1985. Pursuant to a stipulated decree of dissolution, appellant was to pay respondent $65,000, in monthly installments of $608.96, and certain monthly payments representing respondent's marital share of proceeds due under a renewable contract as a property settlement. The parties also stipulated that:

> the court shall reserve jurisdiction over future maintenance only if [appellant] shall involuntarily or voluntarily be adjudged a bankrupt or [appellant] fails or otherwise refuses to make the [property settlement] payments to respondent.

Appellant failed to make the monthly payments as required by the decree, and respondent moved for an award of spousal maintenance. The trial court denied appellant the opportunity to conduct discovery regarding respondent's income and reasonable expenses. The trial court converted the amount due under the property settlement to permanent spousal maintenance and also awarded an amount to compensate respondent for the tax consequences of the conversion.

Appellant challenges the trial court's award of permanent spousal maintenance, and respondent seeks attorney fees incurred on appeal.

## ISSUES

1. Did the trial court abuse its discretion when it awarded respondent permanent spousal maintenance?

2. Is respondent entitled to attorney fees incurred on appeal?

## ANALYSIS

### I.

Appellant argues that the trial court abused its discretion when it awarded respondent permanent spousal maintenance.

A trial court has broad discretion in determining whether to award spousal maintenance. *Stich v. Stich*, 435 N.W.2d 52, 53 (Minn.1989). Generally, a trial court's award of spousal maintenance is not an abuse of discretion "if the trial court's decision has a reasonable and acceptable basis in fact." *Pettit v. Pettit*, 472 N.W.2d 668, 671 (Minn.App.1991). However, effective appellate review of the trial court's exercise of discretion is possible only when the trial court has

> issued sufficiently detailed findings of fact to demonstrate its consideration of all factors relevant to an award of permanent spousal maintenance.

*Stich*, 435 N.W.2d at 53.

In its original judgment and decree, the trial court reserved jurisdiction over spousal maintenance.

> When reserved in the decree, the maintenance issue is governed by the standards for an initial award "based upon the facts and circumstances existing at the time the application is made, as if the

entire action had been brought at the later date."

*Magnussen v. Magnussen,* 387 N.W.2d 471, 473 (Minn.App.1986) (quoting *Harder v. Harder,* 312 Minn. 300, 302, 251 N.W.2d 703, 704 (1977)). Minn.Stat. § 518.552, subd. 2 (1992) enumerates specific factors which must be considered by the trial court in determining whether to award mainte-nance.[1]

Here, the trial court failed to make any of the findings required to support an award of either permanent or temporary spousal maintenance. Instead, the record clearly indicates that the trial court, after finding appellant had failed to make the monthly property settlement payments re-quired under the decree, merely converted appellant's property settlement obligations, along with amounts to compensate for the altered tax status of the payments, to per-manent spousal maintenance.[2]

■ Even where the record supports the trial court's decision, the failure to make specific findings compels a remand. *Videen v. Peters,* 438 N.W.2d 721, 723 (Minn.App.1989), *pet. for rev. denied* (Minn. June 21, 1989); *see also Stich,* 435 N.W.2d at 53 (reversing award of perma-nent spousal maintenance where the trial court failed to make specific findings as to the parties' separate expenses and obligor's ability to pay); *Dougherty v. Dougherty,* 443 N.W.2d 193, 195 (Minn.App.1989) (re-versing modification of maintenance award where trial court failed to make specific findings as to how gross income at the time of modification related to gross income at the time of original decree and whether original maintenance award was unreason-able and unfair). Accordingly, the trial court's award of permanent spousal main-tenance in absence of such findings was an abuse of discretion. *See Stich,* 435 N.W.2d at 53.

■ Even more important than the ab-sence of findings regarding maintenance is our conclusion that the trial court lacked jurisdiction to convert the original award of marital property into a maintenance award. "Property divisions are final upon expira-tion of the 90–day appeal period." *Bone v. Bone,* 438 N.W.2d 448, 452 (Minn.App. 1989); *see also Rydell v. Rydell,* 310 N.W.2d 112, 114 (Minn.1981) (doctrine of res judicata barred relitigation of marital property award).[3]

---

1. In determining whether to award spousal maintenance, a trial court must consider "all relevant factors including":

   (a) the financial resources of the party seek-ing maintenance, including marital property apportioned to the party, and the party's abili-ty to meet needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

   (b) the time necessary to acquire sufficient education or training to enable the party seek-ing maintenance to find appropriate employ-ment, and the probability, given the party's age and skills, of completing education or training and becoming fully or partially self-supporting;

   (c) the standard of living established during the marriage;

   (d) the duration of the marriage and, in the case of a homemaker, the length of absence from employment and the extent to which any education, skills, or experience have be-come outmoded and earning capacity has be-come permanently diminished;

   (e) the loss of earnings, seniority, retirement benefits, and other employment opportunities foregone by the spouse seeking spousal main-tenance;

   (f) the age, and the physical and emotional condition of the spouse seeking maintenance;

   (g) the ability of the spouse from whom maintenance is sought to meet needs while meeting those of the spouse seeking mainte-nance; and

   (h) the contribution of each party in the ac-quisition, preservation, depreciation, or ap-preciation in the amount or value of the mari-tal property, as well as the contribution of the spouse as a homemaker or in furtherance of the other party's employment or business.

   Minn.Stat. § 518.552, subd. 2 (1992).

2. This conversion, if valid, would prevent appel-lant from discharging his property settlement obligation in bankruptcy. *See* 11 U.S.C. § 523(a)(5) (1988).

3. This court has recognized that a trial court has the power to clarify and construe a dissolution judgment so long as it does not change the parties' substantive rights. *Potter v. Potter,* 471 N.W.2d 113, 114 (Minn.App.1991). However, the court's conversion of amounts due under the property settlement to spousal maintenance went beyond construction and clarification of the original judgment and clearly affected the substantive rights of the parties.

Even if we were to assume that the parties could have stipulated in the decree that failure to make the property award payments would convert the award into maintenance, they clearly did not so stipulate. Instead, they provided that "the court shall reserve jurisdiction over future maintenance" in the event of a default in the property award payments. Thus, while the trial court may consider how appellant's nonpayment of the property settlement impacts respondent's needs, *see* Minn. Stat. § 518.552, subd. 2(a), the trial court is without jurisdiction to simply "relabel" a property award as one for maintenance. In addition, there is nothing in the decree which purports to alter the status or enforceability of the property settlement itself in the event maintenance is awarded. Thus, both parties continue to have the rights and obligations granted to or placed upon them in the property settlement unaltered by the court's exercise of the reserved jurisdiction to establish a maintenance award.

We remand the issue of spousal maintenance to permit the trial court, on an expanded record, to make the specific findings required by Minn.Stat. § 518.552. On remand, both parties shall be permitted to conduct reasonable discovery on the issue of spousal maintenance.

## II.

Respondent moves this court for an award of attorney fees incurred on this appeal. We decline to award such fees.

"Attorney fees may be awarded in dissolution cases where the appeal was frivolous or in bad faith." *Dabrowski v. Dabrowski,* 477 N.W.2d 761, 766 (Minn.App.1991). Appellant's claims on appeal are neither frivolous nor asserted in bad faith. Further, respondent has failed to make the required showing for an award of attorney fees based on Minn.Stat. § 518.14 (1992).

## DECISION

We reverse the trial court's modification of spousal maintenance, and remand for specific findings. Respondent's motion for attorney fees incurred on appeal is denied.

Reversed and remanded.