# JEAN KUCERA v. ROBERT KUCERA.

146 N. W. (2d) 181.

November 4, 1966—No. 40,112.

*Burns, O'Connor & Collins,* for appellant.

*Sawyer & Lampe* and *Burton R. Sawyer,* for respondent.

NELSON, JUSTICE.

Appeal from a decree and judgment entered in a divorce action awarding an absolute divorce to both parties, together with alimony and child support to plaintiff wife. The appeal does not involve issues bearing upon grounds for divorce, but plaintiff seeks modification of the alimony and support provisions of the decree.

The parties were married on November 4, 1961, at which time plaintiff was 33 and defendant 36 years of age. Plaintiff, a high school graduate, had worked at various employments, including that of receptionist in the governor's office for about 3½ years. Defendant graduated from law school in 1952. He later practiced law in Northfield, Minnesota, first in a partnership from 1952 to 1962 and alone after 1962. At the time of the marriage between the parties he was serving in the Minnesota Legislature.

While they were married for 4 years, the parties lived together for a period totaling less than a year. One child, Maureen Ann, born in December 1963, is the issue of said marriage.

The trial court in its decree awarded to plaintiff $200 per month for a period of 3 years for alimony and $100 per month for the support of the child until she reaches the age of 21 years, marries, or becomes self-supporting (whichever first occurs).

Plaintiff contends that the trial court erred and abused its discretion in requiring defendant to pay only $100 per month for the support of the minor child of the parties; in failing to provide for the support of the child during her minority out of defendant's estate and assets in the event of defendant's death during that period; in requiring defendant to pay to plaintiff alimony of only $200 per month and for only 3 years instead of indefinitely until plaintiff's remarriage; and in failing to provide for any property settlement.

The statutory provisions which apply to and are controlling in the determination of these issues are the following:

Minn. St. 518.60. "Upon a divorce for any cause, the court may also order and decree to the wife such alimony, not exceeding one-half of the husband's future earnings and income, as it *deems just and reasonable,* * * *." (Italics supplied.)

§ 518.58. "Upon a divorce for any cause, or upon an annulment, the court may make such disposition of the property of the parties acquired during coverture *as shall appear just and equitable,* having regard to the nature and determination of the issues in the case, the amount of alimony or support money, if any, awarded in the judgment, the manner by which said property was acquired and the persons paying or supplying the consideration therefor, * * * and all the facts and circumstances of the case." (Italics supplied.)

§ 518.57. "Upon a decree of divorce or annulment, the court may make such further order as it *deems just and proper* concerning the maintenance of the minor children * * * as support money * * *." (Italics supplied.)

§ 518.59. "Upon a divorce for any cause, the court may also award to the wife the household goods and furniture of the parties, whether or not the same was acquired during coverture, and may also order and decree to the wife such part of the real and personal estate of the husband not acquired during coverture, exclusive of future earnings and income, and not exceeding in present value one-half thereof, as it deems just and reasonable * * *."

 It is clear from the flexible language of these statutes that in actions for divorce the trial court has been given a broad discretion in determining awards relative to property, alimony, and support money. See, Swanson v. Swanson, 233 Minn. 354, 46 N. W. (2d) 878. It is not within the province of this court to determine issues of fact on appeal. Thus, an award of alimony and support money or an adjudication as to property rights will be overturned by this court only when in the light of the evidence as a whole the trial court has clearly abused its discretion. See, Baker v. Baker, 224 Minn. 117, 28 N. W. (2d) 164; Loth v. Loth, 227 Minn. 387, 35 N. W. (2d) 542, 6 A. L. R. (2d) 176. This rule applies even though this court might make a different determination upon the facts if it had the factfinding function. In a divorce action the trial court has the responsibility of finding the facts and resolving the conflicts in the evidence, and findings of fact based on conflicting evidence will not

be disturbed on appeal unless manifestly and palpably contrary to the evidence as a whole. Loth v. Loth, *supra.*

In Webber v. Webber, 157 Minn. 422, 427, 196 N. W. 646, 648, this court said:

"\* \* \* We cannot interfere with this award, unless there has been an abuse of discretion which means a discretion exercised to an end or purpose not justified by and clearly against reason and evidence; a clearly erroneous conclusion and judgment—one that is clearly against the logic and effect of such facts as are presented in support of the application, or against the reasonable and probable deductions to be drawn from the facts disclosed. 1 C. J. 372."

This has been considered an appropriate rule in cases involving divorce since the trial court, the trier of facts, has the distinct advantage of hearing the witnesses and appraising their evidence at first hand while the appellate court has only an impersonal printed record.

■ In applying the foregoing principles and the applicable statutes to the facts in this case, we find no abuse of discretion on the part of the trial court.

In awarding alimony and child support, the needs of the wife, as well as the income of the husband, are to be taken into account and given due consideration. In Plankers v. Plankers, 173 Minn. 464, 217 N. W. 488, this court held that the net earnings of the husband are to be used in determining and fixing the amount of alimony. Here, defendant's net earnings in 1963 were $3,758.41 and in 1964 slightly over $6,000. It thus appears that his average income for each of these years was less than $5,000. Based upon those facts the award of $200 per month for alimony over the period fixed and the present award of $100 per month for child support do not appear to be an abuse of discretion.

Minn. St. 518.60 and the other statutes herein cited are not mandatory but permissive in their application. The words "may," "just," and "reasonable" allow the trial court to exercise discretion after considering the conduct of the parties, as well as all other fact issues which go into its final determination.

It is clear from the record that the trial court had full opportunity to

take into consideration the ages of the parties, the duration of the marriage, their idiosyncrasies, the claimed selfishness on the part of defendant, and the apparent inability of plaintiff to cope with the situation. Plaintiff, seemingly unable to break the ties with her mother, who had lived with her thirty-odd years, apparently failed in her responsibility as a wife because of her continual trips to visit her mother and her constant discussion of her marital problems with friends and neighbors. The facts disclose that in all plaintiff and defendant lived together for less than a year and attest to the marital difficulties that must have existed from the time of their marriage until the institution of the divorce proceedings less than 2 years later. Furthermore, it seems quite apparent that neither party made an earnest attempt to make their marriage a successful venture.

Plaintiff claims an abuse of discretion on the part of the trial court because it did not provide for support of their 3-year-old daughter out of the assets of defendant in the event of his premature death and also did not provide for any property settlement to plaintiff. The granting of alimony, child support, and a property settlement from the assets of the parties is purely discretionary for the trial court. In refusing to provide support for the child out of defendant's assets in the event of his premature death, the trial court determined that in the event of his death the child would receive social security benefits that would be equal in amount and duration of payment to the judgment rendered for child support. Plaintiff did not challenge the correctness of that determination. With respect to the court's refusal to make a property division, it is not for this court to conjecture upon the trial court's reasons if there is a basis in the evidence for its determination. The record is clear that the property referred to was not acquired during coverture. The facts that the plaintiff contributed nothing to defendant's assets and that defendant's assets are of a highly speculative nature may well be sufficient to support and justify the trial court's disposition. In any event, after carefully examining the record we are satisfied that there appears to have been sufficient evidence to warrant it.

■ While the trial court's award for child support appears to be ample for the present, that matter has not been foreclosed and remains

open for future application to the trial court to modify the amount dependent upon change of conditions or status during the term for which the award was granted.

Plaintiff has failed to establish that the trial court clearly abused its discretion in view of the reasonable and probable deductions to be drawn from the facts disclosed by the record. The decree and judgment must, therefore, be affirmed.

Affirmed.