## LLOYD ALEXANDER TOURVILLE v. MARY ANN TOURVILLE.

198 N. W. 2d 138.

March 3, 1972—No. 42596.

*Andrew P. Engebretson,* for appellant.

*Douglass, Bell, Donlin, Shultz & Petersen* and *Warren M. Horner,* for respondent.

Heard before Knutson, C. J., and Murphy, Otis, and Peterson, JJ.

PER CURIAM.

Appeal from an order denying a motion for a new trial and from the judgment in a divorce action. It is plaintiff-husband's contention that the trial court erred in allowing alimony and support money for the minor child because his entire income is derived from veterans' benefits and social security payments.

From the record it appears that the trial court ordered judgment awarding defendant-wife an absolute divorce, the homestead of the parties, subject to encumbrances; certain household goods and personal property of minimal value; custody of the minor child, with rights of visitation by the husband; $150 a month for support of the minor child; and permanent alimony in the sum of $100 a month for 15 months and the sum of $50 a month for 3 months thereafter, after which it shall terminate completely. The record tells us little of the background of plaintiff, but it does appear that at the time of trial he was receiving a total of $354 a month in veterans' benefits (subsequently increased) and $136.40 a month in social security payments, plus $68.20 for his wife and $68.20 for the minor child.

The burden of plaintiff's claim of error is that the trial court was wrong in making the allowances because it had no "power to alter the allocations of funds made by the federal Congress so as to require the [plaintiff] to pay child support or alimony to the [defendant] in excess of the allowances provided by Congress." It is further argued that the trial court could not require payment of "child support in the absence of findings that he had any other earning capacity."

These claims of error are raised here for the first time on appeal. They were not brought to the attention of the trial court or raised in the action below. Moreover, the asserted errors are not supported by any authority. It is the general rule that this court will not consider questions which were not presented to or decided by the lower court. Duenow v. Lindeman, 223 Minn. 505, 27 N. W. 2d 421 (1947); Holen v. M.A.C. 250 Minn. 130, 84 N. W. 2d 282 (1957); 1B Dunnell, Dig. (3 ed.) §§ 357, 384. If there is some ground which might justify modification of the divorce decree, plaintiff is not foreclosed from seeking appropri-

ate relief in the lower court by proceedings permitted under Minn. St. 518.64.

Attorney's fees of $250 are awarded to defendant.

Affirmed.

Mr. Justice Todd, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.