In re the Marriage of Lois May **LOSSING, Petitioner, Respondent,**

v.

**Darwin Eugene LOSSING, Appellant.**

No. C4–86–1570.

Court of Appeals of Minnesota.

April 7, 1987.

Walter W. Vasil, Duluth, for respondent.

Manuel H. Stein, Hibbing, Joanne Thatcher Swanson, St. Paul, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and LANSING and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant questions the trial court's division of marital property, objecting to the court's fact finding and exercise of discretion. Appellant also contends the court erred in awarding short term maintenance. Because appellant's contentions are not

supported by evidence in the record, we affirm.

## FACTS

The parties' ten year marriage was dissolved in 1986. No children were born of this marriage. Respondent Lois Lossing has legal and physical custody of three children from her previous marriage. Appellant Darwin Lossing is the noncustodial parent of two other children.

The trial court found marital assets of approximately $150,497 and awarded nearly all of this property, totaling $149.897, to appellant. The award to appellant included the following items:

$103,097, net value of the principal marital asset, Lossing Building Supply;

$27,000, total net marital value of the parties' homestead;

$18,500, cabin;

$1,300, Our Own Hardware Stock.

In addition, the court awarded appellant his considerable nonmarital property without findings as to the value of the property. Appellant's nonmarital property included these items:

(a) Rental property located in Babbit, Minnesota, with equity worth $5300 (according to the 1976 judgment of dissolution for his previous marriage);

(b) Extensive personal property, including guns, automobiles, boats, motors, snowmobiles, motorcycles and tools;

(c) $7700 nonmarital homestead contribution;

(d) The assets of Lossing Construction Company, a second self-employment activity of appellant, which were not valued.

Except for a $600 IRA investment, no marital assets were set aside for respondent. Instead, she was awarded a cash set off in the amount of $74,648, representing half of the value of marital property awarded to appellant. Respondent was also awarded her nonmarital rental property in Ely, which was not valued.

The court awarded respondent $450 maintenance for a period of two years, based on the finding that in 1985 appellant earned not less than $1800 net monthly income. Respondent was not employed outside the home during the marriage and was not employed at the time of dissolution. Respondent requested $650 per month maintenance for four years. The amount actually awarded by the court was the amount recommended by appellant's counsel in his trial memorandum.

## ISSUES

1. Did the trial court err in finding facts or exercising its discretion in the award of marital property?

2. Did the trial court err in awarding maintenance for a two year period?

## ANALYSIS

### 1.

The trial court is to divide marital property justly and equitably. Minn.Stat. § 518.58 (1986). The decision will be affirmed on appeal if it has a reasonable basis in fact and principle. *Dubois v. Dubois*, 335 N.W.2d 503, 507 (Minn.1983). Underlying findings of fact based on conflicting evidence will be affirmed unless they are manifestly and palpably contrary to the evidence as a whole. *Kucera v. Kucera*, 275 Minn. 252, 254–55, 146 N.W.2d 181, 183 (1966). *See also* Minn.R.Civ.P. 52.01 (findings of fact will not be set aside unless clearly erroneous). When reviewing the record, we view the evidence in the light most favorable to the court's findings. *Rinker v. Rinker*, 358 N.W.2d 165, 167 (Minn.Ct.App.1984).

Appellant attacks the property division by asserting three particular errors. First, he contends the court overvalued the business asset, Lossing Building Supply, which was awarded to appellant. Second, he claims the court undervalued his nonmarital contribution to the homestead investment. Third, appellant alleges the court's award of cash to offset the marital property set aside for him puts upon him an oppressive obligation that amounts to an abuse of discretion.

### a. Lossing Building Supply

Although he otherwise agrees with the evaluation of the business, appellant contends the trial court erroneously disregarded an accounting entry for a $136,000 note owing to him personally. Appellant claims the note represents his separate investments of $20,000 cash, $83,000 tangible assets (the value of vehicles, equipment and inventory transferred into the company), and $32,600 retained earnings.

There is no evidence of an actual note for either the cash or transferred assets. Appellant's accountant recognized the entry as equity and not debt. There is also no evidence that appellant invested nonmarital property in the corporation. Appellant stresses that he contributed $83,000 in tangible assets to the business, but it was not proven at trial that. transferred assets were separate property. Appellant contends the tangible property was nonmarital property, based on his claim that the assets came from his prior business, Lossing Construction Company, considered together with a trial court finding that Lossing Construction Company equipment and inventory worth $30,000 was once appellant's separate property (although commingled into the marital home investment). There is no evidence that assets appellant claims he transferred in 1981, five years after the parties' marriage, were assets of Lossing Construction Company, or that they could otherwise be traced to assets he owned prior to the present marriage. The trial court found that the construction company owned by appellant before this marriage "consisted of a truck, tools and inventory amounting to $30,000," and there is no evidence permitting a conclusion that this finding is clearly erroneous.

■ The trial court found the bookkeeping entry of a $136,000 officer note "must be disregarded as a close-corporation accounting device of no real impact." The court's decision to disregard the note in valuing the net market value of the company was not contrary to the evidence

as a whole. *Kucera,* 275 Minn. at 254–55, 146 N.W.2d at 183.

### b. Appellant's Nonmarital Contribution to the Homestead

The trial court found the market value of the homestead is $45,000.[1] The court then deducted the outstanding mortgage ($10,000), past due real estate taxes ($700) and an amount the court determined represented appellant's nonmarital contribution ($7700). Thus, the homestead's net marital value is $27,000.

The trial court refused to recognize appellant's claim that he contributed $30,000 from Lossing Construction Company inventory and $25,000 cash to the homestead. The court also refused to recognize respondent's claim that she contributed $14,000 in cash. The court found that both appellant and respondent chose to commingle income, assets, time, labor, and cash in unrecorded amounts, and that the home is a wholly marital asset. In regard to appellant's claim, the court specifically noted that the "cash and inventory contribution claimed at $55,000 are simply not supported by the facts or the law."

■ Appellant did not produce convincing proof of the $55,000 contribution he claims. First, there was no bank record supporting appellant's claim that he possessed $25,000 cash to contribute to the home. In his deposition, appellant stated the money was kept in various secluded places and not in a bank account. Second, appellant made inconsistent statements concerning the amount of construction inventory he contributed to the home, ranging from $30,000 to $50,000. Third, although it is evident that home construction materials were purchased and used, respondent disputed the source of funds used to purchase the materials. Based on our review of the record, we conclude the court's finding is not contrary to the evidence as a whole. *Id.*

At trial, appellant claimed he contributed $8500 nonmarital property to the purchase of the land and a storage building on the

---

1. The court adopted appellant's expert valuation of the homestead, which included a substantial reduction in the value of the home (63%) due to the depressed economy in the community.

property. The court recognized appellant's $7700 nonmarital contribution for these items. Appellant claims the trial court erred in not recognizing additional nonmarital contributions in the amount of $5000 for land fill and installation of a septic system. The court's findings recognize appellant's labor in regard to these contributions, but did not provide appellant special nonmarital credit for them.

■ There is no compelling evidence on the materiality of the alleged trial court error. Appellant claimed nonmarital contributions totaling $13,500 for the land, storage building, land fill, and septic system. If the same rate of depreciation applied to the homestead were applied to these contributions, the amount of contribution would be reduced to about $8500. The difference between the depreciated value and the amount the court recognized ($7700) is minimal.

### c. Satisfaction of Marital Property Interest

The trial court ordered appellant to pay respondent $74,648 to satisfy respondent's portion of the marital property. Appellant was ordered to pay $15,248 within thirty days of the judgment and decree and an additional $10,000 payable within one year of the judgment. Appellant was ordered to pay the balance of $50,000 in equal monthly installments of $606.64, beginning thirty days after judgment, until the entire balance is paid.

Appellant complains the form of property distribution is oppressive, stating:

> After spending ten years supporting Lois' three children and her indolence, Darwin must divest himself of virtually everything he was awarded to satisfy [respondent's] voracious appetites, particularly where he is not permitted time to sell assets in a commercially reasonable manner.

Appellant's dissatisfaction with the form of distribution is indistinguishable from his apparent dissatisfaction with the even division of marital property. The proportion of the division was within the trial court's broad discretion.

■ As to the form of distribution, there is normally no abuse of discretion in ordering a cash award to balance the division of marital property. *Elwell v. Elwell,* 372 N.W.2d 67, 71 (Minn.Ct.App.1985). The trial court concluded appellant was in the best position to receive the marital property and that respondent's interest would be equally well served by a money judgment. For example, the court refused to award the homestead to respondent despite her adamant arguments in favor of such an award. The court determined respondent was financially unable to afford even the monthly mortgage obligations, and she has nonmarital living quarters available to her. Appellant, on the other hand, was found to possess the financial resources to afford and maintain the home. We cannot say there is a clear abuse of discretion in the trial court's decision on the form of property distribution.

Appellant asserts his income is insufficient to pay the award as structured. His argument suggested it was an abuse of discretion to structure an award requiring him to liquidate either marital or nonmarital property. Appellant claims the necessity to liquidate assets, combined with the depressed economy of the area, will result in sale proceeds insufficient to satisfy both respondent's interest in the marital property and his own fifty percent interest.

■ We are unable to say from the record that the trial court abused its discretion in setting dates and amounts of payments on appellant's property division obligation. This is due largely to the absence of evidence of the value of appellant's nonmarital estate. Moreover, we cannot speculate now on the specific future liquidation problems appellant will encounter. Finally, it is critical regarding this issue that the dissolution judgment provides for delayed enjoyment of a money judgment, and that final action requiring liquidation of assets or other arrangements for payment will be more definitely litigated, if necessary, in proceedings having to do with enforcement of the dissolution judgment.

#### d. Chevrolet Blazer

■ Appellant claims the trial court erred in failing to recognize the marital portion of a 1979 Chevrolet Blazer awarded to respondent. Both parties agree respondent contributed $5000 nonmarital property for the purchase of the Blazer. The vehicle was purchased at least five years prior to the judgment of dissolution. We defer to the trial court's determination that at the time of dissolution the value of the Blazer was exclusively nonmarital property.

#### e. Summary

In sum, despite his insistent statement of a grievance regarding property division, the record does not demonstrate any error in the trial court's valuation or division of property and appellant has thus failed to state cause for reversal.

#### 2.

■ Appellant asks us to find an abuse of discretion where the trial court awarded maintenance consistent with appellant's own recommendation. Appellant offered, and the court awarded, spousal maintenance of $450 per month for a period of two years. During post-trial motions, appellant's second attorney also conceded maintenance, but for a lesser amount. Appellant's objection to an award of maintenance will not be considered on appeal where he conceded an award of maintenance at trial. *See Tourville v. Tourville,* 292 Minn. 489, 490, 198 N.W.2d 138, 139 (1972) (asserted error could not be considered for first time on appeal).

Once the court determines an award of maintenance is appropriate, the amount and duration of maintenance must be established. *See* Minn.Stat. § 518.552, subd. 2 (1986). The statute requires the court consider all relevant factors, including those listed in the statute. *Id.*

■ We find no abuse of discretion in the amount or duration of maintenance ordered. First, the record is replete with indications that appellant's financial resources allow him to meet his necessary expenses and invest at the same time in cabins, automobiles, guns and numerous other pieces of personal property. Second, the court specifically found respondent is currently unemployed and her reasonable monthly expenses are $800 per month, including expenses partially attributable to her children (housing, heat and transportation). Third, the court recognized respondent has been a homemaker throughout the ten year marriage and "[respondent] must become employed if not to meet her own needs, then to meet her children's needs." Maintenance for a limited period of time for the purpose of training and seeking employment is specifically contemplated in the statute. *See id.,* subd. 2(b).

#### DECISION

The trial court did not abuse its discretion in the division of property and award of maintenance, and its underlying findings of fact were not clearly erroneous.

Affirmed.