*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0352**

Mary A. Zirbes,
Appellant,

vs.

Meshbesher and Spence, Ltd., et al.,
Respondents.

**Filed September 26, 2016
Affirmed
Rodenberg, Judge**

Hennepin County District Court
File No. 27-CV-15-11255

Mary A. Zirbes, Maple Lake, Minnesota (pro se appellant)

Joshua M. Tuchscherer, Meshbesher & Spence, Ltd., Minneapolis, Minnesota (for respondents)

Considered and decided by Larkin, Presiding Judge; Rodenberg, Judge; and Smith, Tracy M., Judge.

## UNPUBLISHED OPINION

**RODENBERG**, Judge

Appellant Mary Zirbes challenges the district court's dismissal of her claims against her former attorneys, Meshbesher & Spence, Ltd., Konstandinos Nicklow, and Michael Snyder, collectively respondents. Because, under Minn. Stat. § 544.42 (2014),

affidavit-supported expert testimony is necessary for the determination of appellant's claims, and because appellant failed to comply with that statutory requirement, we affirm.

## FACTS

Appellant's son died in October 2011, and appellant sued Allina Health System and others, alleging that they were at fault for her son's death. She was represented by respondents in that suit, which was dismissed as discussed below. She sued respondents for legal malpractice, fraud, and other claims.

Appellant alleges that respondent Nicklow contacted her the day after her son died, and suggested that appellant needed legal assistance. Appellant claims she told him that she was a single mother working as a waitress, and was without money to pay for legal expenses. She claims that Nicklow told her there would be no out-of-pocket expenses to her for retaining respondents, and that she told Nicklow that "she would never in a million years do anything that would put her at risk for even one penny of out-of-pocket expenses." With these claimed understandings, appellant retained respondents to represent her in her wrongful-death claim against Allina Health System d/b/a Buffalo Hospital, Rick Russell, Craig Fairbanks, Emergency Physicians Professional Association, and Scott Gunderson, M.D. ("Allina").

The case against Allina was investigated by respondents, and appellant sued Allina. Despite appellant's stated desire to avoid any risk of being liable for costs, appellant claims she was offered $220,000 to settle her claims against Allina and that respondents advised appellant to "walk away" and reject that offer. She claims that respondents failed to inform her of the risk of liability to Allina for costs if her claim was

2

unsuccessful. Allina later moved for summary judgment, which was granted in June 2013. Appellant claims that it was only after her claims against Allina were summarily dismissed that she learned that she risked responsibility for Allina's costs. She then agreed to relinquish her right to appeal the summary judgment in exchange for Allina's agreement not to tax legal costs.

In June 2015, appellant sued respondents, pro se, alleging claims of negligence, negligent misrepresentation, breach of fiduciary duty, and fraud. Respondents moved to dismiss, alleging that appellant failed to provide affidavits as required by Minn. Stat. § 544.42. On July 7, 2015, appellant filed an amended complaint, which included a handwritten request for "a dismissal of the requirement for a Certificate of Expert Review because the Statute of Limitations was about to expire." On July 10, she filed yet another amended complaint. In response to respondents' motion to dismiss, appellant asserted that she would be relying on a letter from the Office of Lawyer's Professional Responsibility (OLPR) as her certificate of expert review.[1] She claimed she had been unable to obtain any other expert opinion.

The district court granted respondents' motion and dismissed appellant's claims with prejudice. It determined that: (1) appellant commenced her action in June 2015 and did not serve, file, or produce an expert-witness affidavit satisfying statutory

---

[1] The letter from OLPR contained an admonition of one attorney of respondent's law firm for "isolated and non-serious" unprofessional conduct, which the attorney contested and which record reflects was to be the subject of a non-public hearing. Whether the hearing was held and what the outcome was of any such hearing is not revealed by the record. The OLPR letter does not contain any opinion concerning a breach of duty by respondent or its lawyers resulting in harm to appellant.

requirements; (2) appellant had failed to properly seek a waiver of the expert-witness affidavit under Minn. Stat. § 544.42, subd. 3(c); (3) the letter from the OLPR was insufficient as appellant's expert disclosure under Minn. Stat. § 544.42, subd. 3(a)(1); and, (4) appellant failed to serve an expert-identification affidavit, as required by Minn. Stat. § 544.42, subd. 2(2).

This appeal followed.

## D E C I S I O N

Appellant challenges the district court's dismissal of her claims against respondents. Although appellant states several causes of action, the essence of her suit is one for legal malpractice. She claims that respondents failed to timely inform her of the risk of liability to Allina for costs. We review the dismissal of a professional-malpractice action for procedural irregularities, including failure to comply with expert-review requirements, under an abuse-of-discretion standard. *Guzick v. Kimball*, 869 N.W.2d 42, 46 (Minn. 2015). But the issue of whether expert testimony is required to establish a prima facie case in a legal-malpractice action presents a question of law, which we review de novo. *Id.* at 46-47.

A prima facie case of legal malpractice requires that a plaintiff establish: (1) the existence of an attorney-client relationship; (2) acts that constitute the alleged negligence or breach of contract; (3) that those acts were the proximate cause of damages; and, (4) that, but for the defendant's conduct, the plaintiff would have been successful in the prosecution or defense of the action. *Id.* at 47. As discussed below, most legal-malpractice cases require expert testimony on some or all of these elements. If a plaintiff

4

intends to use expert testimony to establish a prima facie case of professional malpractice, a party alleging malpractice must serve two affidavits of expert review. Minn. Stat. § 544.42, subd. 2. First, if there has been no determination by the district court excusing or waiving it, the party must serve an affidavit stating that counsel has reviewed the facts with "an expert whose qualifications provide a reasonable expectation that the expert's opinions could be admissible at trial," and that, in the expert's opinion, "the defendant deviated from the applicable standard of care and by that action caused injury to the plaintiff." *Id.*, subd. 3. Second, the party must, within 180 days, serve on the opposing party or counsel an affidavit identifying any expert that the party intends to call as a witness, including the substance of that expert's testimony and a summary of the grounds for the expert's opinions. *Id.*, subd. 4(a). A party acting pro se is subject to the same affidavit requirements as a party represented by an attorney. *Id.*, subd. 5.

"Expert testimony is generally required to establish the standard of care applicable to an attorney whose conduct is alleged to have been negligent, and further to establish whether the conduct deviated from that standard." *Jerry's Enters., Inc. v. Larkin, Hoffman, Daly & Lindgren, Ltd.*, 711 N.W.2d 811, 817 (Minn. 2006) (quotation omitted). An exception to this general rule is a case where a lay jury can adequately evaluate the attorney's conduct without an expert opinion. *Hill v. Okay Constr. Co.*, 312 Minn. 324, 337, 252 N.W.2d 107, 116 (1977). This exception is reserved for the "rare" and "exceptional" case. *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 191 (Minn. 1990). Whether expert testimony is required in a legal-malpractice action depends on the nature of the questions that the trier of fact must decide and on whether specialized or

5

technical knowledge will assist in that decision. *Fontaine v. Steen*, 759 N.W.2d 672, 677 (Minn. App. 2009).

Appellant argues on appeal that she was not required to serve expert-review affidavits under Minn. Stat. § 544.42 because her malpractice claims could be adequately evaluated by a jury without expert testimony. She alleges that respondents breached a fiduciary duty and committed fraud by failing to inform her that she risked a cost judgment if she did not settle her claim. Appellant argues that, because of this lack of information, she declined a settlement offer of $220,000 or more and, when her legal claims were later dismissed, she relinquished her right to appeal and settled the case with Allina in exchange for its agreement to refrain from taxing legal costs.

An attorney owes a fiduciary duty "to represent the client with undivided loyalty, to preserve the client's confidences, and to disclose any material matters bearing upon the representation of these obligations." *Rice v. Perl*, 320 N.W.2d 407, 410 (Minn. 1982) (emphasis omitted) (quotation omitted). A claim for breach of fiduciary duty is closely related to a claim of professional negligence, and requires a plaintiff to demonstrate a fiduciary duty, breach of that duty, causation, and damages. *See Padco, Inc. v. Kinney & Lange*, 444 N.W.2d 889, 891 (Minn. App. 1989) (holding that a complaint alleging the elements of a legal-malpractice claim sufficiently alleged the elements of a breach-of-fiduciary-duty claim), *review denied* (Minn. Nov. 15, 1989).

All of appellant's claims essentially restate her malpractice claim in another form. Her essential claim is one for legal malpractice. "When a claim is predicated on conduct subject to a professional standard of care, expert evidence is generally required to support

the claim." *Blatz v. Allina Health Sys.*, 622 N.W.2d 376, 388 (Minn. App. 2001), *review denied* (Minn. May 16, 2001).

Appellant argues that respondents' failure to disclose the risk of a judgement against her for costs can be readily understood by a lay jury, and that expert testimony is not required. But to succeed on that claim, appellant must establish that respondents' discussions with her breached an attorney's standard of care for communicating with a client. The standard of care relating to an attorney's communication with a client is a subject requiring expert testimony. *Schmitz v. Rinke, Noonan, Smoley, Deter, Colombo, Wiant, Von Korff & Hobbs, Ltd.*, 783 N.W.2d 733, 739-40 (Minn. App. 2010), *review denied* (Minn. Sept. 21, 2010). A lay jury will not be able to determine the standard of care without expert testimony. The issue of whether respondents breached the standard of care in their communications with appellant, including failing to advise her about the risk of the cost judgment, therefore requires expert testimony and, likewise, compliance with Minn. Stat. § 544.42.

Appellant also argues that the statute does not require an expert affidavit for allegations of fraud. The legal-malpractice claims against respondents are much more complicated than appellant seems to appreciate. Appellant complains that she was not fully advised that she might be liable for costs should Allina prevail in the wrongful-death claim, but it is undisputed that appellant has not been required to *actually pay* any costs. In fact, she has been released from any such liability. Because she obtained that outcome by waiving her right to appeal the summary dismissal of her wrongful-death action, any viable legal malpractice claim would necessitate that she prove *either* that

7

respondents were professionally negligent in not advising her to accept the $220,000 that she claims was offered during mediation *or* that an appeal of the district court's summary dismissal of her wrongful-death claim would have succeeded. Expert testimony is required to prove either of those things, because lay jurors, unassisted by expert testimony, would be unable to resolve those questions.

The expert-review statute, by its clear language, applies to "each cause of action" for which expert testimony is required. Minn. Stat. § 544.42, subd. 6(a), (b). Appellant's fraud and legal-malpractice claims depend on the nature and extent of an attorney's duty to communicate with a client concerning an award of costs in the event of an adverse resolution of the client's legal claims. Both require expert testimony and are subject to the requirements of Minn. Stat. § 544.42. The district court acted within its discretion when it dismissed appellant's breach-of-fiduciary-duty and fraud claims based on appellant's failure to file an affidavit of expert review under section 544.42, subdivision 3, or, alternatively, to seek waiver or modification of the requirement.

### *Good Faith Effort to Obtain an Expert Affidavit*

Appellant appears to argue on appeal that the district court abused its discretion by dismissing her complaint without waiving the expert-review requirement. First, the district court found, and the record supports, that appellant failed to properly move for waiver of the expert-review affidavit. Second, the district court properly determined that, even if appellant had so moved, her "blanket assertion that no attorneys will provide affidavits is not sufficient" to waive the statutory requirement. The district court also determined, and appellant does not dispute on appeal, that the letter from the OLPR did

8

not meet the minimum statutory requirements to serve as an expert affidavit. Finally, the district court determined that appellant's failure to serve the affidavit required by Minn. Stat. § 544.42, subds. 2(2), 4, also required dismissal. Even if the district court had waived or modified the expert-review affidavit requirement under section 544.42, subdivision 3(c), the record establishes, and appellant does not dispute on appeal, that appellant failed to file an affidavit identifying an expert conforming to the requirements of Minn. Stat. § 544.42, subd. 4. And failure to comply with either of the affidavit requirements results in "mandatory dismissal" of the action. *Id.*, subd. 6(c).

Appellant argues that she tried to obtain an expert affidavit, but that it became "evident" that "no attorney was willing to make an expert opinion against the prominent law firm of Meshbesher and Spence for compensation." Appellant does not dispute that she failed to serve the expert-witness affidavits, or that her failure to do so also requires dismissal of her claims with prejudice. *See Id.*

### *Additional Claims*

Appellant appears to ask this court, for the first time on appeal, to find that respondents committed fraud and malpractice, breached their fiduciary duties, and were negligent. However, "[i]t is not within the province of [appellate courts] to determine issues of fact on appeal." *Kucera v. Kucera*, 275 Minn. 252, 254, 146 N.W.2d 181, 183 (1966); *see also Wright Elec., Inc. v. Ouellette*, 686 N.W.2d 313, 324 (Minn. App. 2004) (stating that "this court cannot serve as the fact-finder"), *review denied* (Minn. Dec. 14, 2004). Appellant also appears to assert, and again for the first time on appeal, claims for conspiracy, "fabricated evidence," and punitive damages. Because appellant did not raise

9

these arguments to the district court, we do not address them. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988).

Our review of the district court's dismissal of appellant's legal-malpractice claims is limited to whether the district court misapplied the law or abused its discretion concerning compliance with Minn. Stat. § 544.42. The district court's application of the law was above reproach. And it acted within its discretion concerning the statutory requirements for expert affidavits. None of this, of course, lessens appellant's grief and loss. She not only lost her son. She asserted what she thought was a viable wrongful-death claim, was apparently offered significant money in settlement, and turned down that settlement offer on the advice of counsel. Her claims were later dismissed, and she faced the prospect of having to pay the costs of the prevailing party. She claims respondents did not advise her of that risk at the time she declined the settlement offer. She therefore agreed to forego appeal of the summary dismissal of the wrongful-death case in exchange for being released from liability for costs in the wrongful-death case.

On this record, there is no way of knowing whether an appeal of the wrongful-death case would have been successful, and the record contains no expert opinion that it would have succeeded. Given the explicit expert-witness-affidavit requirements of section 544.42, the district court properly dismissed appellant's claims against respondents.

**Affirmed.**