# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A15-1991

In re the Marriage of:

Joshua Ryan Beckendorf, petitioner,
Respondent,

vs.

Jordana Leslie Fox,
Appellant.

**Filed February 13, 2017**
**Reversed and remanded**
**Smith, Tracy M., Judge**

Scott County District Court
File No. 70-FA-11-24895

Samantha J. Gemberling, Wolf, Rohr, Gemberling and Allen, P.A., St. Paul, Minnesota (for respondent)

John M. Jerabek, Susan M. Lach, Tuft, Lach, Jerabek & O'Connell, PLLC, Maplewood, Minnesota (for appellant)

Considered and decided by Smith, Tracy M., Presiding Judge; Johnson, Judge; and Reyes, Judge.

## S Y L L A B U S

Evidence of prospective childcare expenses may constitute "documentation of child care expenses" for purposes of Minn. Stat. § 518A.40, subd. 3(a) (2016).

**O P I N I O N**

**SMITH, TRACY M.**, Judge

Appellant Jordana Leslie Fox appeals an order of a child support magistrate (CSM) denying her motion for the court to require respondent Joshua Ryan Beckendorf to pay childcare support. Fox's submissions to the CSM included documentation of both her past and prospective childcare expenses. The CSM denied Fox's motion, ruling that Fox provided "no documentation" of the amount "actually spent" on childcare and therefore that her submissions failed to satisfy the portion of Minn. Stat. § 518A.40, subd. 3(a), that states that "[t]he court must require . . . documentation of child care expenses from the obligee." Because documentation of childcare expenses may include evidence of prospective childcare expenses, and because Fox provided documentation of both her past and prospective childcare expenses, we reverse and remand.

**FACTS**

The 2012 judgment dissolving the parties' marriage granted the parties joint legal custody of their two children, S.B. and M.B;[1] granted Fox sole physical custody of the children; and reserved the issue of childcare support. In 2015, Fox moved the district court to order Beckendorf to pay childcare support. Included in Fox's submissions to the district court were a childcare plan and rate sheets for various childcare options. The district court heard arguments on Fox's motion and referred the childcare-support question to the CSM.

---

[1] S.B. was age five and M.B. was age four at the time of the CSM's order.

Fox submitted supplemental documentation to the CSM, including an affidavit as well as checks and receipts for childcare expenses incurred between her original motion and her supplemental submissions to the CSM. Fox's affidavit stated that she requires childcare because she works three days per week, eight hours per day. Fox calculated her expected summer-childcare expenses based on the children spending half days in childcare camp and half days with an in-home sitter. Regarding summer expenses, Fox submitted:

(1) a spreadsheet of available summer-childcare options;
(2) a rate sheet for her preferred childcare camp;
(3) a signed statement from the in-home sitter, listing the sitter's billing rate, and two cash receipts showing prior payments to the sitter;
(4) a copy of a check for the "[d]eposit & week of June 1st camp," as well as a copy of a check for "childcare-camp;" and
(5) a copy of a check payable to Fox's mother for childcare for a week the children spent with Fox's mother.

Fox calculated her expected childcare expenses for the academic year based on one child spending half days in a school program and both children spending half days with an in-home sitter. Regarding academic-year expenses, Fox submitted:

(1) a spreadsheet of available academic-year childcare options; and
(2) a school-registration form, listing the cost of the program.

Beckendorf filed a responsive motion, requesting that the CSM order Fox "to provide documentation of her actual childcare expenses paid within thirty (30) days of incurrence" and Beckendorf "to pay any childcare provider directly for said costs."

After a hearing, the CSM filed an order stating that Fox provided "several rate sheets and estimates of child care costs" but that, "[b]ecause she provided no documentation of the amount actually spent[,] no childcare support can be awarded at this time." The CSM did, however, reserve the issue of childcare support. Fox sought review of the CSM's

3

order, arguing that she presented sufficient documentation of childcare expenses. The CSM denied that motion.

Fox appeals.

**ISSUE**

Did the CSM err by reading Minn. Stat. § 518A.40, subd. 3(a), to require documentation of previously incurred childcare expenses to set a childcare-support obligation?

**ANALYSIS**

"Unless otherwise agreed to by the parties and approved by the court, the court must order that work-related or education-related childcare costs of joint children be divided between the obligor and obligee based on their proportionate share of the parties' combined monthly [percentage of income for child support]." Minn. Stat. § 518A.40, subd. 1 (2016).[2] When addressing childcare-support obligations, "[t]he court must require . . .

---

[2] Childcare support is governed by Minn. Stat. § 518A.40 (2016). Beckendorf's argument to this court, however, relies in part on Minn. Stat. § 518A.39, subd. 7 (2016), which addresses modification of an existing childcare-support obligation. The statute states: "Child care support must be based on the actual child care expenses. The court may provide that a decrease in the amount of the child care based on a decrease in the actual child care expenses is effective as of the date the expense is decreased." Minn. Stat. § 518A.39, subd. 7. Because the dissolution reserved, rather than set, childcare support, the modification statute does not apply here. *See Eustathiades v. Bowman*, 695 N.W.2d 395, 398 (Minn. App. 2005) (stating that, "when child support is reserved in a judgment and decree, a subsequent request for child support is generally treated as an initial establishment of child support rather than a modification of child support."). Therefore, we need not address Minn. Stat. § 518A.39, subd. 7, in this opinion. We note, however, that while generally modification of childcare support is not retroactive, *see* Minn. Stat. § 518A.39, subd 2(f) (2016), a district court may retroactively decrease childcare support based on a decrease in "actual child care expenses" under Minn. Stat. § 518A.39, subd. 7.

4

documentation of child care expenses from the obligee and the public authority, if applicable." Minn. Stat. § 518A.40, subd. 3(a). Here, Beckendorf argues that Minn. Stat. § 518.40, subd. 3(a), requires Fox to produce documentation of childcare expenses already incurred, and that Fox's documentation only shows the expected cost of prospective childcare options. Thus, Beckendorf argues, Fox's submissions are an insufficient basis to award childcare support.

Whether documentation of past childcare expenses is the only documentation that satisfies Minn. Stat. § 518A.40, subd. 3(a), requires construction of the statute. Construing other aspects of the child-support statute, the Minnesota Supreme Court stated:

> We review issues of statutory interpretation de novo. The purpose of all statutory interpretation is to ascertain and effectuate the intention of the Legislature. When the statutory language is plain and unambiguous, we will look only to that language in ascertaining legislative intent. Therefore, we begin our analysis with the language of the child-support statutes.

*Haefele v. Haefele*, 837 N.W.2d 703, 708 (Minn. 2013) (citations omitted). Further, "[m]ultiple parts of a statute may be read together so as to ascertain whether the statute is ambiguous." *Christianson v. Henke*, 831 N.W.2d 532, 537 (Minn. 2013). Here, we conclude that Minn. Stat. § 518A.40, subd. 3(a), cannot be read to limit the documentary basis for a childcare-support obligation to documentation of past childcare expenses.

Under Minn. Stat. § 518A.40, subd. 3(b), "[i]f child care expenses fluctuate during the year because of the obligee's seasonal employment or school attendance or extended periods of parenting time with the obligor, the court must determine child care expenses based on an average monthly cost." A childcare-support obligation based on an average

5

of fluctuating childcare costs is, by definition, not based on actual childcare costs. Thus, the statute explicitly contemplates childcare-support obligations based on something other than documentation of past childcare expenses. Indeed, there would be no reason to determine an average monthly childcare cost if childcare-support obligations were based solely on documentation of past childcare expenses.

Moreover, requiring a childcare-support obligee to incur, and possibly pay, all childcare costs before seeking reimbursement for those expenses (a) may not be financially feasible for many childcare-support obligees; (b) would not be consistent with the policies "encourag[ing] prompt and regular payments of child support and to prevent either parent or the joint children from living in poverty," Minn. Stat. § 518A.43, subd. 1 (2016); and (c) would not be judicially efficient. We will not interpret Minn. Stat. § 518A.40, subd. 3(a), to produce such an unreasonable result. *See* Minn. Stat. § 645.17(1) (2016).

Thus, we conclude that the plain and unambiguous statutory language means that evidence of prospective childcare expenses may constitute "documentation of child care expenses" for purposes of Minn. Stat. § 518A.40, subd. 3(a). As such, the CSM erred in suggesting that only past childcare expenses "actually spent" could satisfy the statutory standard.

We also conclude that, with respect to Fox's past childcare expenses, the CSM erred. While Fox submitted documents describing childcare options, she also submitted documentation of amounts she actually spent on childcare, including two checks for childcare camp, a check payable to her mother for a week of childcare, and two cash receipts showing payments to the in-home sitter. Because Fox produced documentation of

6

amounts she actually spent on work-related childcare,[3] we conclude that the CSM erred in finding that Fox failed to provide documentation of actual childcare expenses.

Both in front of the CSM and in this appeal, Beckendorf raised a number of challenges to the weight and credibility of Fox's documentation. The CSM, however, did not explicitly address these matters, and, on the record currently before this court, it is unclear whether the CSM did not address these matters because the CSM thought that Fox's motion was otherwise fatally defective or whether she implicitly rejected these challenges. We cannot address these matters on appeal. *See Kucera v. Kucera*, 275 Minn. 252, 254, 146 N.W.2d 181, 183 (1966) (stating that "[i]t is not within the province of [appellate courts] to determine issues of fact on appeal"); *Suleski v. Rupe*, 855 N.W.2d 330, 338 (Minn. App. 2014) (reversing and remanding where "findings are missing"). On remand, the CSM shall expressly address these matters.

On remand, the CSM, applying the appropriate standard, should determine whether Fox has produced sufficient "documentation of child care expenses" to award childcare support. Minn. Stat. § 518A.40, subd. 3(a). The CSM has discretion to reopen the record.

### D E C I S I O N

Because Fox produced documentation of both past and prospective childcare expenses, the CSM erred in finding that Fox submitted no "documentation of child care expenses" for purposes of seeking childcare support under Minn. Stat. § 518A.40.

**Reversed and remanded.**

---

[3] The CSM found, and Beckendorf does not challenge on appeal, that Fox works 24 hours a week.