*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-1067**

In the Matter of the Civil Commitment of: Krista Jean Lynard.

**Filed December 26, 2023**
**Reversed and remanded**
**Slieter, Judge**

Blue Earth County District Court
File No. 07-PR-23-1788

Kenneth R. White, Law Office of Kenneth R. White, P.C., Mankato, Minnesota (for appellant Krista Jean Lynard)

Patrick R. McDermott, Blue Earth County Attorney, Susan B. DeVos, Assistant County Attorney, Mankato, Minnesota (for respondent Blue Earth County Human Services)

Considered and decided by Cochran, Presiding Judge; Slieter, Judge; and Larson, Judge.

**NONPRECEDENTIAL OPINION**

**SLIETER**, Judge

On appeal from the district court's civil commitment as a person who has a mental illness, appellant argues that the record does not support the district court's findings that she poses a substantial risk of physical harm to herself or others and that the district court failed to provide reasons for rejecting a less-restrictive alternative.

The district court's findings lack particularity and do not adequately demonstrate the district court's consideration of the relevant factors to determine whether appellant meets the criteria as a person who poses a substantial risk of physical harm to herself or

others.  And, the district court did not make any factual findings regarding a less-restrictive alternative to commitment.  Therefore, we reverse and remand.

## FACTS

In May 2023, appellant Krista Jean Lynard was placed on an emergency hold following an incident in which Lynard walked into a business with blood on her face and told customers that the world was ending.  Respondent Blue Earth County Human Services petitioned the district court to civilly commit Lynard "as a person who poses a risk of harm due to mental illness."  The district court found probable cause supporting Lynard's commitment and scheduled a commitment hearing.  At the commitment hearing, the district court heard testimony from the court-appointed examiner and Lynard, and it received the examiner's report into evidence.

In her report, the examiner diagnosed Lynard with a mental illness and opined that Lynard meets the criteria for commitment as a person who poses a risk of harm to herself or others due to mental illness.  In the recommendation portion of her report, the examiner suggested that "[i]f she agrees to an IRTS [(Intensive Residential Treatment Services)] facility and follow[s] all recommendations for outpatient mental health she could receive a stay of commitment."  The examiner reiterated this opinion in her testimony during the commitment hearing.  Lynard testified that she was willing to enter an IRTS facility.

The district court issued an order civilly committing Lynard as a person who poses a risk of harm due to mental illness.  Lynard appeals.

## DECISION

**I.    The district court's findings are inadequate to permit meaningful appellate review.**

In reviewing a civil commitment, an appellate court is limited to examining whether the district court complied with the commitment statute and determining whether the district court's findings support its conclusions of law. *In re Knops*, 536 N.W.2d 616, 620 (Minn. 1995). The district court's "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous." *Id.* However, "[t]he sheer volume of information contained in [a] district court's order is not determinative. Even a long order may be insufficient if it does not permit meaningful appellate review." *In re Civ. Commitment of Spicer*, 853 N.W.2d 803, 811 (Minn. App. 2014). Appellate review is not possible when the district court "does not identify the facts that the district court has determined to be true and the facts on which the district court's decision is based." *Id.*

### Risk of Harm

Lynard claims that the district court erred by finding that she poses a risk of harm to herself or others, arguing that the district court failed to find facts with particularity.

The applicable statute defines circumstances that demonstrate when a person poses a "substantial likelihood of physical harm to self or others" due to mental illness, including:

> (1) a failure to obtain necessary food, clothing, shelter, or medical care as a result of the impairment;

> (2) an inability for reasons other than indigence to obtain necessary food, clothing, shelter, or medical care as a result of the impairment and it is more probable than not that

3

the person will suffer substantial harm, significant psychiatric deterioration or debilitation, or serious illness, unless appropriate treatment and services are provided;

(3) a recent attempt or threat to physically harm self or others; or

(4) recent and volitional conduct involving significant damage to substantial property.

Minn. Stat. § 253B.02, subd. 17a(a) (2022).

The district court's order, which was drafted by the county, includes eleven findings of fact, three of which relate to whether Lynard poses a risk of harm to herself or others (findings five, six, and nine). However, none of the three findings "identify the facts that the district court has determined to be true and the facts on which the district court's decision is based." *Spicer*, 853 N.W.2d at 811.

The fifth finding of fact, related to whether Lynard poses a risk of physical harm, simply recites the examiner's testimony. However, "it is insufficient for a district court to 'merely recite[] or summarize[] excerpted portions of testimony of [the] witnesses without commenting independently either upon their opinions or the foundation for their opinions or the relative credibility of the various witnesses.'" *Id.* at 810 (quoting *In re Welfare of M.M.*, 452 N.W.2d 236, 239 (Minn. 1990)).

The sixth finding of fact incorporates by reference facts from the examiner's report. Again, simply repeating facts from the examiner's report, which appear to have been incorporated from the prehearing report, fails to indicate which facts the district court relied on when making its decision. *Id.* ("A district court cannot satisfy its obligation to find facts

4

with particularity by simply adopting *in toto* the opinions of a particular expert." (citing *In re Civ. Commitment of Ince*, 847 N.W.2d 13, 24 (Minn. 2014))).

Finally, the ninth finding of fact merely recites the statutory definition of a person who poses a risk of harm due to a mental illness, as set forth in Minn. Stat. § 253B.02, subd. 17a. But "[a]n order does not permit meaningful appellate review if it does not identify the facts that the district court has determined to be true and the facts on which the district court's decision is based." *Spicer*, 853 N.W.2d at 811. One of the remaining nine findings relates to the uncontested issue of Lynard's mental-health diagnosis, and the other eight findings involve uncontested or procedural background facts.

In its oral statements explaining its decision, the district court referenced the incident in which Lynard "cut herself and put blood on her face at the direction of God," and it stated that "[s]he is a danger to herself, maybe to others." None of these statements, however, demonstrate how the district court found that Lynard meets the criteria for commitment as a person who poses a risk of harm due to a mental illness according to Minn. Stat. § 253B.02, subd. 17a.

The county contends that, despite the lack of individualized findings of fact, clear and convincing evidence supports Lynard's civil commitment as a person who poses a risk of harm because of mental illness. We disagree. The district court made no such factual findings and "[i]t is not within the province of [appellate courts] to determine issues of fact on appeal." *Kucera v. Kucera*, 146 N.W.2d 181, 183 (Minn. 1966).

The district court's findings are insufficient to permit meaningful appellate review as to whether Lynard, due to mental illness, poses a substantial likelihood of physical harm. *Spicer*, 853 N.W.2d at 810-11.

***Less-Restrictive Alternative***

Lynard claims that the district court erred by rejecting, without explaining its reasoning, a less-restrictive alternative. We agree.

The district court "must consider alternatives to commitment and choose the least restrictive available placement if commitment is ordered." *In re Danielson*, 398 N.W.2d 32, 37 (Minn. App. 1986). And Minnesota law requires that the district court's findings "identify less restrictive alternatives considered and rejected by the court and the reasons for rejecting each alternative." Minn. Stat. § 253B.09, subd. 2(b) (2022).

In a conclusion of law, the district court found that "[t]he least restrictive alternative which meets [Lynard's] treatment needs is an involuntary commitment." And in its oral statements following the hearing, the district court stated it was familiar with "Ms. Lynard's history" before rejecting a stay of commitment and, instead, ordering full commitment. There was no evidence related to "Lynard's history" submitted during the hearing.

Despite evidence in the record of an alternative to commitment—specifically, a stay of commitment with admission into an IRTS facility which Lynard agreed to enter—the district court provided no reasons for rejecting a less-restrictive alternative. *See Danielson*, 398 N.W.2d at 37 (determining that summarily stating that no less-restrictive alternative exists is "wholly inadequate to support commitment" despite there being evidence of a

6

mentally ill person needing treatment).  Because the district court's factual findings do not articulate reasons for rejecting a less-restrictive alternative to commitment, they are inadequate to permit meaningful appellate review.  *Spicer*, 853 N.W.2d at 810-11.

In sum, the district court's risk of harm and less-restrictive alternative findings do not permit meaningful appellate review.  Therefore, we reverse and remand to the district court to make the necessary factual findings as required by statute.  The district court may, in its discretion, reopen the record on remand.

**Reversed and remanded.**